**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **TERESA CARRIER**, *et al.*,         ) | |
| Plaintiffs,         ) | |
|                                         ) | |
| v.                                      ) | **CIVIL ACTION NO. 14-00311-KD-C** |
|                                         ) | |
| **NAVIKA CAPITAL GROUP, LLC**, *et al.*, ) | |
| Defendants.         ) | |

**ORDER**

This matter is before the Court on Plaintiffs' amended complaint (Doc. 21) and Notice of Voluntary Dismissal of Markeisha Stokes (Doc. 20). Additionally, currently pending is Defendants' motion to dismiss (Doc. 16), which is impacted by Plaintiffs' amended complaint.

The Complaint was filed on July 8, 2014. (Doc. 1). On September 23, 2014, the Court ordered Plaintiffs to show cause as to why service of process had not been effected on the Defendants. (Doc. 5). On October 1, 2014, Plaintiffs responded, explaining that they were awaiting a waiver of service from opposing counsel. (Doc. 6). On November 25, 2014, Plaintiffs sought, and obtained, a 30 day extension within which to serve the Defendants. (Docs. 7, 8). The Complaint was served on Defendants Navika and Shah on January 7, 2015, and on Silverstone on January 28, 2015. (Docs. 12, 13, 19). On January 28, 2015, all of the Defendants filed a motion to dismiss the complaint citing, in part, untimely service of process. (Doc. 16). On February 20, 2015, Plaintiffs filed an amended complaint (Doc. 21) and Notice of Voluntary Dismissal of Markeisha Stokes (Doc. 20).

Plaintiffs did not seek leave of Court to amend the complaint, and were not required to do so. Federal Rule of Civil Procedure Rule 15(a) applies to amendments before trial, and provides in relevant part as follows:

> **(1) Amending as a Matter of Course**. A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, **or (B) if the pleading is one to which a responsive pleading is required,** 21 days after service of a responsive pleading or **21 days after service of a motion under Rule 12(b)**, (e), or (f), whichever is earlier.

Fed.R.Civ.Pro. Rule 15(a)(1) (emphasis added).  Additionally, Rule 6 provides that for computing any time period specified in the rules, when the period is stated in days, the day of the event that triggers the period is excluded (Rule 6a)(1)(A)), and that "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)[]" (Rule 6(d)).  Moreover, Rule 5(b)(2)(E) provides for service via electronic means if the person consented in writing to same (*i.e.*, service via CM/ECF in this Court).

Concerning Rule 15(a)(1)(A), Plaintiffs' February 20, 2015 amended complaint cannot be construed as having been filed under same -- once as a matter of course within 21 days of serving it – as to Defendants Navika and Shah.  Those defendants were served on January 7, 2015, and so Plaintiffs' amended complaint would have been due by the end of January 2015.  However, Defendant Silverstone was served on January 28, 2015 and so Plaintiffs' amended complaint would be timely as to that defendant under this sub-section.

Nevertheless, Plaintiffs' amended complaint can be construed as having been filed under Rule 15(a)(1)(B), as the original complaint was a pleading to which a responsive pleading was required and Defendants filed a Rule 12(b) motion in response.  Under the rules, three (3) days are added to Rule 15(a)(1)(B)'s 21 day time period, giving Plaintiffs 24 days from the day *after* Defendants' January 28, 2015 motion was filed (the triggering day is excluded under the rules) within which to file an amended complaint as a matter of course – Saturday, February 21, 2015. Because Rule 6(a)(1)(C) provides that the last day cannot be a Saturday or Sunday, "the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday[]" –

2

Monday February 24, 2015. Thus, Plaintiffs had until February 24, 2015 within which to amend the complaint as a matter of course under Rule 15(a)(1)(B). Plaintiffs' February 20, 2015 amended complaint is accordingly timely and properly filed as a matter of course.[1]

Turning to the substance of the amended complaint, it does not merely remove Markeisha Stokes as a plaintiff. Rather, the amended complaint also adds more specific allegations for each plaintiff against the defendants (Doc. 21 at 6-20 at ¶¶22, 24, 28, 31, 34, 37, 40, 43, 46, 49, 42, 55, 58, 61, 64), changes an address for a defendant (id. at 5 at ¶20), and removes reference to certain statutory provisions (id. at 2, 22 at ¶¶2, 62). In light of the amended complaint, which changes the substantive allegations against the Defendants as well as removes plaintiff Markeisha Stokes from this case, the motion to dismiss (Doc. 16) is **MOOT.**

Further, because amendment of the complaint -- not dismissal -- is the proper vehicle when a plaintiff seeks to dismiss less than all parties and/or less than all claims,[2] and Plaintiffs have simultaneously filed an amended complaint, Plaintiff Markeisha Stokes' Notice of Dismissal (Doc. 20) is **MOOT.**

**DONE** and **ORDERED** this the **12th** day of **March 2015.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

1 Further, "[t]he thrust of Rule 15(a) is to allow parties to have their claims heard on the merits, and accordingly, district courts should liberally grant leave to amend when "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief." Foman v. Davis, 371 U.S. 178, 182 (1962). In re Engle Cases, 767 F.3d 1082, 1109 (11th Cir. 2014).

2 Rule 41 allows a plaintiff to dismiss "an action" – i.e., all of its claims, but "its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action…" Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1106 (11th Cir. 2004). Accord Campbell v. Altec Indus., Inc., 605 F.3d 839, 841 n.1 (11th Cir. 2010); IberiaBank v. Coconut 41, LLC, 984 F.Supp.2d 1283, 1295 (M.D. Fla. 2013) ("In the Eleventh Circuit…a plaintiff can only seek to dismiss its entire action and cannot pick and choose which claims are to be dismissed[]"). In order for a plaintiff to "eliminate particular claims or issues from the action" it "should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a)." Klay, 376 F. 3d at 1106.