IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERESA CARRIER, *et al.*, <br>     Plaintiffs, | ) <br> ) <br> ) |
| v. | )     CIVIL ACTION NO. 14-00311-KD-C |
| | ) |
| NAVIKA CAPITAL GROUP, LLC, *et al.*, <br>     Defendants. | ) <br> ) |

## ORDER

This matter is before the Court on Defendants' motion for reconsideration of the Court's March 12, 2015 Order (Doc. 25), Plaintiff's Response (Doc. 27), and Defendant's Reply (Doc. 28).

As set forth in the Court's March 12, 2015 Order:

The Complaint was filed on July 8, 2014. (Doc. 1). On September 23, 2014, the Court ordered Plaintiffs to show cause as to why service of process had not been effected on the Defendants. (Doc. 5). On October 1, 2014, Plaintiffs responded, explaining that they were awaiting a waiver of service from opposing counsel. (Doc. 6). On November 25, 2014, Plaintiffs sought, and obtained, a 30 day extension within which to serve the Defendants. (Docs. 7, 8). The Complaint was served on Defendants Navika and Shah on January 7, 2015, and on Silverstone on January 28, 2015. (Docs. 12, 13, 19). On January 28, 2015, all of the Defendants filed a motion to dismiss the complaint citing, in part, untimely service of process. (Doc. 16). On February 20, 2015, Plaintiffs filed an amended complaint (Doc. 21) and Notice of Voluntary Dismissal of Markeisha Stokes (Doc. 20).

Plaintiffs did not seek leave of Court to amend the complaint, and were not required to do so….Rule 6 provides that for computing any time period specified in the rules, when the period is stated in days, the day of the event that triggers the period is excluded (Rule 6a)(1)(A)), and that "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)[]" (Rule 6(d))….

Concerning Rule 15(a)(1)(A), Plaintiffs' February 20, 2015 amended complaint cannot be construed as having been filed under same -- once as a matter of course within 21 days of serving it – as to Defendants Navika and Shah. Those defendants were served on January 7, 2015, and so Plaintiffs' amended complaint would have been due by the end of January 2015. However, Defendant Silverstone was served on January 28, 2015 and so Plaintiffs' amended complaint would be timely as to that defendant under this sub-section.

Nevertheless, Plaintiffs' amended complaint can be construed as having been filed under

1

> Rule 15(a)(1)(B), as the original complaint was a pleading to which a responsive pleading was required and Defendants filed a Rule 12(b) motion in response.  Under the rules, three (3) days are added to Rule 15(a)(1)(B)'s 21 day time period, giving Plaintiffs 24 days from the day *after* Defendants' January 28, 2015 motion was filed (the triggering day is excluded under the rules) within which to file an amended complaint as a matter of course – Saturday, February 21, 2015.  Because Rule 6(a)(1)(C) provides that the last day cannot be a Saturday or Sunday, "the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday[]" – Monday February 24, 2015.  Thus, Plaintiffs had until February 24, 2015 within which to amend the complaint as a matter of course under Rule 15(a)(1)(B).  Plaintiffs' February 20, 2015 amended complaint is accordingly timely and properly filed as a matter of course. [ ]
>
> Turning to the substance of the amended complaint, it does not merely remove Markeisha Stokes as a plaintiff.  Rather, the amended complaint also adds more specific allegations for each plaintiff against the defendants (Doc. 21 at 6-20 at ¶¶22, 24, 28, 31, 34, 37, 40, 43, 46, 49, 42, 55, 58, 61, 64), changes an address for a defendant (id. at 5 at ¶20), and removes reference to certain statutory provisions (id. at 2, 22 at ¶¶2, 62).  In light of the amended complaint, which changes the substantive allegations against the Defendants as well as removes plaintiff Markeisha Stokes from this case, the motion to dismiss (Doc. 16) is **MOOT.**
>
> Further, because amendment of the complaint -- not dismissal -- is the proper vehicle when a plaintiff seeks to dismiss less than all parties and/or less than all claims, [ ] and Plaintiffs have simultaneously filed an amended complaint, Plaintiff Markeisha Stokes' Notice of Dismissal (Doc. 20) is **MOOT.**

(Doc. 24 (footnotes omitted)).    Defendants seek reconsideration of this order.

The decision to grant or deny a motion to reconsider is left to the discretion of the trial court.  Chapman v. AI Transp., 229 F.3d 1012, 1023–1024 (11th Cir. 2000).  "In the interest of finality and conservation of scarce judicial resources, reconsideration of an order is an *extraordinary* remedy and is employed *sparingly*."  Gougler v. Sirius Prod., Inc., 370 F.Supp.2d 1185, 1189 (S.D. Ala. 2005) (citation omitted and emphasis added.  Generally, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." Summit Med. Ctr. of Ala., Inc. v. Riley, 284 F.Supp.2d 1350, 1355 (M.D. Ala. 2003).   See also Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146, 1151–1152 (11th Cir.

2011).   However, "[m]otions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued[]" Sanderlin v. Seminole Tribe of Fla., 243 F.3d 1282, 1292 (11th Cir. 2001) (citations omitted), and "cannot be brought solely to relitigate issues already raised[,]" Harris v. Corrections Corp. of America, 2011 WL 2672553, *1 (11th Cir. Jul. 22, 2011).   Further, "a motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind."   King v. Farris, 357 Fed. Appx. 223, 225 (11th Cir. 2009).

Defendants seek Rule 60 reconsideration because of "a new factual element that impacts the basis upon which this Court rendered" its ruling.   (Doc. 25 at 2).   Specifically, Defendants' motion is premised on a Southern District of Texas ruling (Judge Harmon's 3/14/15 Order, *Wilson et al. v. Navika Capital Group, LLC et al,* Case # 4:10-cv-01569), which dismissed that action, revoked the equitable tolling of the statute of limitations "for all [p]laintiffs herein[,]" and concluded that "[p]laintiffs did not exercise due diligence in serving Defendants in each of the five progeny actions."   In sum, Defendants endeavor to apply the conclusions and rulings for the Texas plaintiffs to the Plaintiffs in this case.

However, Defendants have not explained how the court's prior ruling (that the previous motion to dismiss was moot due to the amended complaint) was error.   This Court's March 12, 2015 Order granted Plaintiffs' amendment, which rendered Defendants' motion moot. An amended complaint supersedes an original complaint such that Defendants' motion was extinguished as a result.   Any argument that the amended complaint is due to be dismissed should be made in a properly filed motion to dismiss, not a re-urging of a motion to dismiss a complaint that is no longer the operable complaint.

As such, it is **ORDERED** that Defendants' motion (Doc. 25) is **DENIED.**

**DONE** and **ORDERED** this the **5th** day of **May 2015.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**