IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERESA CARRIER, *et al.*, | : | |
|    Plaintiffs, | : | |
| v. | : | CA 14-00311-KD-C |
| NAVIKA CAPITAL GROUP, LLC, *et al.*, | : | |
|    Defendants. | : | |

## REPORT AND RECOMMENDATION

This action has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B), for appropriate action. For the reasons stated herein, it is **RECOMMENDED** that the Court dismiss the claims of Plaintiffs, Teresa Carrier, Patricia Hannon and April McGee, based upon their failure to prosecute this action and comply with the Court's orders entered on April 3, 2015, (doc. 26), and May 1, 2015, (doc. 33).

On April 3, 2015, the Court entered a Rule 16(b) Scheduling Order requiring, among other things, that the Plaintiffs answer the Court's interrogatories by April 24, 2015. (Doc. 26, § 2.) Ms. Carrier, Ms. Hannon and Ms. McGee, however, failed to answer the Court's interrogatories. (*See* docket sheet.) On April 24, 2015, Plaintiffs' counsel[1] informed the Court that, although he made multiple attempts to obtain Ms. Carrier's, Ms. Hannon's and Ms. McGee's answers to interrogatories, said Plaintiffs failed to respond to any of counsel's attempts to contact them. (Doc. 32.) For example, on April 20, 2015, Plaintiffs' counsel sent letters to Ms. Carrier, Ms. Hannon and Ms.

---

[1] On this date, the undersigned granted counsel for Ms. Carrier, Ms. Hannon and Ms. McGee leave to withdraw as their attorney. Therefore, said Plaintiffs are now proceeding *pro se*.

McGee informing them that they needed to respond to the Court's interrogatories and that failure to do so "may lead to the dismissal of [their] claims." (Doc. 32-1 at 2; doc. 32-3 at 2; doc. 32-4 at 2.)

On May 1, 2015, the undersigned extended until June 8, 2015, the deadline for Ms. Carrier, Ms. Hannon and Ms. McGee to file answers to the Court's interrogatories. (Doc. 33.) However, the undersigned informed the parties that, "[i]f said Plaintiffs fail to file their answers by that time, the undersigned will . . . recommend that their claims be dismissed for failure to prosecute." (*Id.* at 2.) Ms. Carrier, Ms. Hannon and Ms. McGee did not file answers to interrogatories by June 8, 2015, as ordered by the Court. (*See* docket sheet.) They did not contact their attorney, (*see* doc. 41), and they did not request additional time to comply with the Court's orders, (*see* docket sheet).

An action may be dismissed if a plaintiff fails to prosecute it or fails to comply with any court order. Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631, 82 S. Ct. 1386, 1388-1389, 8 L. Ed. 2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

Because Teresa Carrier, Patricia Hannon and April McGee have not complied with this Court's orders (docs. 26 and 33), it is **RECOMMENDED** that the Court **DISMISS** their claims **WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) due to their failure to prosecute this action and failure to obey this Court's lawful orders.

The Clerk is **DIRECTED** to send a copy of this report and recommendation to Teresa Carrier, Patricia Hannon and April McGee by certified mail, return receipt

requested, at the last known addresses provided by their former counsel. (*See* doc. 32 at 3, 5.)

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 10th day of June 2015.

s/WILLIAM E. CASSADY<br>
**UNITED STATES MAGISTRATE JUDGE**