**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| THERESA FORD, *et al.*, | : | |
| Plaintiffs, | : | |
| v. | : | CA 14-00311-KD-C |
| NAVIKA CAPITAL GROUP, LLC, *et al.*, | : | |
| Defendants. | : | |

<u>**ORDER**</u>

After due and proper consideration of all issues raised, and a *de novo* determination of those portions of the recommendation to which objection is made, the recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(l)(B) and dated January 22, 2016 is **ADOPTED in part** and **revised in part**, as follows:

This matter is before the Court on the Defendants' Amended Motion to Dismiss Plaintiffs' Amended Complaint and Supporting Memorandum of Law (the "Amended Motion to Dismiss") (S.D. Ala. Action, Doc. 36)[1] filed by defendants, Navika Capital Group, LLC ("Navika"), Silverstone Hospitality, Inc. ("Silverstone"), and Naveen C. Shah ("Shah" or, together with Navika and Silverstone, the "S.D. Ala. Defendants"); the Plaintiffs' Response to Defendants' Amended Motion to Dismiss Plaintiffs' Amended Complaint and Supporting Memorandum of Law (the "Response to the Amended Motion to Dismiss") (S.D. Ala. Action, Doc. 40) filed by the remaining plaintiffs in this action, Theresa Ford, Jamie Franklin, Cynthia Knight, Linda Law, Aundrea Poellnitz,

---

[1]       Hereinafter, citations to the record of the above-styled case (the "S.D. ALA. Action") are cited as "(S.D. Ala.  Action, Doc. ___)"; and citations to the record of *Wilson v. Navika Capital Group, LLC*, 10-01569 (S.D. Tex.) (the "S.D. Tex. Action") are cited as "(S.D. Tex. Action, Doc. __)".

Jauran Portis, Lakitha Reed, and Robbie Williams (collectively, the "Remaining Plaintiffs") and other plaintiffs who have since been terminated in this action;[2] the Defendants' Reply in Further Support of Defendants' Amended Motion to Dismiss Plaintiffs' Amended Complaint (the "Reply regarding the Amended Motion to Dismiss") (S.D. Ala. Action, Doc. 47) filed by the Defendants; the Defendants' Objection to Hearing Materials (the "Objection") (S.D. Ala. Action, Doc. 54) filed by the Defendants; the Plaintiffs' Response to Defendants' Objection to Hearing Materials (the "Response to the Objection") (S.D. Ala. Action, Doc. 56-1) filed by the Remaining Plaintiffs; and the Defendants' Reply in Further Support of Defendants' Objection to hearing Materials (the "Reply regarding the Objection") (S.D. Ala. Action, Doc. 58) filed by the Defendants. After careful consideration, the objection is **SUSTAINED IN PART AND OVERRULED IN PART** and the Amended Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART** for the reasons stated herein.

<u>Background</u>

I.      **The S.D. Tex. Action and Decertification**

On May 3, 2010, Joanna Marie Wilson and Ashley Rachel DeLeon initiated the S.D. Tex. Action, a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"), in the United States District Court for the Southern District of Texas (the "S.D. Tex. Court") on behalf of themselves and other similarly situated persons to recover unpaid minimum and overtime wages from several defendants, including

---

[2]      Markeisha Stokes was dismissed from this action by virtue of the Remaining Plaintiffs' amended complaint.  (*See* S.D. Ala. Action, Doc. 24 at 3).  Carolyn White and Melissa Wilkins were voluntarily dismissed from this action pursuant to FED. R. CIV. P. 41(a)(1)(A)(i). (*See* S.D. Ala. Action, Docs. 35, 37, 42 & 43).  Teresa Carrier, Patricia Hannon, and April McGee were dismissed pursuant to FED. R. CIV. P. 41(b).  (*See* S.D. Ala. Action, Doc. 49).  Hereinafter, the undersigned will refer solely to the Remaining Plaintiffs.

Navika and Shah.[3]  (*See* S.D. Tex. Action, Doc. 1).  The S.D. Tex. Court conditionally certified the class of similarly situated persons on February 9, 2012.  (*See* S.D. Tex. Action, Doc. 34).  Over the course of the following fourteen (14) months, approximately 330 plaintiffs, including each of the Remaining Plaintiffs, returned consent forms to join the collective action.  (*See* S.D. Tex. Action, Docs. 52-314, 316-60, 362-80, 384, 387-88, 390, 408-09, 412, 424, & 426).

Three years later and after a contentious discovery dispute, the S.D. Tex. Court ordered all of the plaintiffs who had opted into the collective action to respond to certain interrogatories from the S.D. Tex. Defendants within a specified amount of time.  (*See* S.D. Tex. Action, Docs. 433 & 441).  By the court-established deadline to respond, 29 of the 330 opt-in plaintiffs had submitted proper responses, and 130 of the 330 opt-in plaintiffs had submitted untimely, unverified, or otherwise incorrect responses.  (*See* S.D. Tex. Action, Doc. 467 at 1 (reciting the history of the S.D. Tex. Action)).  The S.D. Tex. Defendants then filed a motion for omnibus relief, which included a motion to decertify the conditional class of opt-in plaintiffs.  (*See* S.D. Tex. Action, Doc. 443).  On January 17, 2014, the S.D. Tex. Court issued an Opinion and Order (the "January 17 S.D. Tex. Order"), *inter alia*, deferring the S.D. Tex. Defendants' motion for decertification, dismissing without prejudice all opt-in plaintiffs who failed to submit interrogatory responses to the defendants by August 27, 2013, ordering the opt-in plaintiffs who submitted unverified interrogatory responses to file verifications within twenty (20) days, and ordering the opt-in plaintiffs remaining in the case to provide the S.D. Tex. Defendants with individual damages computations within twenty (20) days.  (*See* S.D.

---

[3]      Silverstone was subsequently added as a defendant in the plaintiffs' second amended complaint.  (*See* S.D. Tex. Action, Doc. 382).  The undersigned will refer to the defendants in the S.D. Tex. Action collectively as the "S.D. Tex. Defendants".

Tex. Action, Doc. 447 at 31-32).[4]  The S.D. Tex. Court also ordered the parties to jointly submit lists of all of the opt-in plaintiffs who were dismissed by the January 17 S.D. Tex. Order and all of the opt-in plaintiffs who remained in the class within twenty (20) days. (*See* S.D. Tex. Action, Doc. 447).

The parties, however, never jointly submitted the lists of the dismissed and remaining opt-in plaintiffs.  Instead, on the final date the parties could submit the lists, the counsel for the S.D. Tex. Defendants submitted a certification explaining that he had been unable to communicate properly with the counsel for the opt-in plaintiffs.  (*See* S.D. Tex. Action, Doc. 448).  In the certification, counsel for the S.D. Tex. Defendants explained that plaintiffs' counsel provided him a list, but he did not agree with the names included on the list.  (*See* S.D. Tex. Action, Doc. 448 at 4).  Relevant to the matter currently before this Court, the counsel for the S.D. Tex. Defendants specifically argued that Knight, who was included on the opt-in plaintiffs' list as an opt-in plaintiff remaining in the S.D. Tex. Action, failed to submit her interrogatory response before the August 27, 2013 deadline and, thus, was dismissed pursuant to the January 17 S.D. Tex. Order.  (*See id.*).  The counsel for the S.D. Tex. Defendants also stated that all of the remaining opt-in plaintiffs had failed to provide the individual damages computations as required by the January 17 S.D. Tex. Order.  (*See id.* at 5)  On that same day, counsel for the opt-in plaintiffs filed a motion requesting the S.D. Tex. Court to (a) order the defendants to supplement discovery to assist the opt-in plaintiffs in producing individual damages computations and (b) give the opt-in plaintiffs additional time to comply with the January 17 S.D. Tex. Order.  (*See* S.D. Tex. Action, Doc. 449).  The S.D.

---

[4]        The S.D. Tex. Court specifically stated that any of the opt-in plaintiffs who failed to either file the verifications or submit the individual damages computations within the twenty-day deadlines "will be dismissed from the case without prejudice."  (*Id.*).

Tex. Court denied the opt-in plaintiffs' motion, but did not address the parties' failure to provide joint lists of the dismissed and remaining opt-in plaintiffs or the opt-in plaintiffs' failure to submit the individual damages computations to the S.D. Tex. Defendants. (*See* S.D. Tex. Action, Doc. 453).

On March 31, 2014, the S.D. Tex. Defendants filed a motion *in limine* requesting the S.D. Tex. Court to dismiss the S.D. Tex. Action pursuant to the January 17 S.D. Tex. Order because of the opt-in plaintiffs' failure to submit the individual damages computations. (*See* S.D. Tex. Action, Doc. 456). On April 2, 2014, the opt-in plaintiffs submitted a supplemental trial plan with an attached damage model. (*See* S.D. Tex. Action, Doc. 457). In the supplemental trial plan, counsel for the opt-in plaintiffs listed each of the Remaining Plaintiffs, including Knight, as opt-in plaintiffs remaining in the S.D. Tex. Action. (*See id.* at 1-2). Although counsel for the opt-in plaintiffs listed Franklin and Poellnitz as plaintiffs remaining in the S.D. Tex. Action, he identified them as "unable to attend trial." (*See id.* at 2). On April 4, 2014, the S.D. Tex. Defendants responded to the supplement trial plan and damage model arguing that Knight was dismissed pursuant to the January 17 S.D. Tex. Order for failure to submit her interrogatory responses prior to the August 27, 2013 deadline. (*See* S.D. Tex. Action, Doc. 458). While counsel for the S.D. Tex. Defendants does not mention Franklin in this response, he does argue that some of Poellnitz's claims are barred by the applicable statute of limitations. (*See id.* at 10).

On June 4, 2014, the S.D. Tex. Court issued an Opinion and Order (the "S.D. Tex. Decertification Order") (S.D. Tex. Action, Doc. 460) granting the previously deferred motion to decertify. In addition to decertifying the class, the S.D. Tex. Court ordered:

> The claims of all individual opt-in Plaintiffs are dismissed without prejudice. To avoid prejudice to individual opt-in Plaintiffs who have been dismissed and who may choose to file their own cases, the Court invokes its equity powers to toll the applicable statute of limitations for 30 days after the entry of this Order.

(S.D. Tex. Action, Doc. 460 at 11).

## II.     The Aftermath of Decertification and the S.D. Ala.  Action

On July 7, 2014, counsel for the opt-in plaintiffs filed a motion in the S.D. Tex. Action requesting the S.D. Tex. Court to extend the equitable tolling period for an additional seven (7) days to ensure that he could properly and timely file a complaint in the United States District Court Western District of Missouri on behalf of those opt-in plaintiffs who reside in that district.  (S.D. Tex. Action, Doc. 463).  As discussed in more detail later in this Report and Recommendation, the Remaining Plaintiffs initiated the S.D. Ala. Action the following day by filing their complaint (the "Initial Complaint") (S.D. Ala. Action, Doc. 1) seeking to recover unpaid wages, minimum wages, and overtime wages from the Defendants under 29 U.S.C. § 216(b) of the FLSA.  The Clerk of the Court subsequently issued the summons for each of the S.D. Ala. Defendants on July 9, 2014.  (*See* S.D. Ala. Action, Doc. 2).  On July 13, 2014, counsel for the opt-in plaintiffs filed an amended motion in the S.D. Tex. Action requesting the S.D. Tex. Court to extend the equitable tolling period for an additional fourteen (14) days to ensure that he could properly and timely file complaints in several jurisdictions on behalf of the plaintiffs who opted into the S.D. Tex. Action.  (*See* S.D. Tex. Action, Doc. 464).  The S.D. Tex. Court granted the amended motion on July 14, 2014 extending the equitable tolling period to July 28, 2014.  (*See* S.D. Tex. Action, Doc. 465).

On July 24, 2014, however, the S.D. Tex. Defendants filed a motion for reconsideration of the S.D. Tex. Court's order granting the extension of the tolling period.  (*See* S.D. Tex. Action, Doc. 466).  Specifically, the S.D. Tex. Defendants

requested the S.D. Tex. Court to revoke any extension of the equitable tolling period past July 7, 2014 and "clarify which Opt-in Plaintiffs may avail themselves of the equitable tolling." (S.D. Tex. Action, Doc. 466 at 1). The S.D. Tex. Defendants contended that several opt-in plaintiffs who were dismissed prior to the issuance of the S.D. Tex. Decertification Order were improperly trying to avail themselves of the equitable tolling established in the S.D. Tex. Decertification Order in separate suits in different jurisdictions. According to the S.D. Tex. Defendants, the Court's decertification (and equitable tolling) analysis only applied to a certain number of the opt-in plaintiffs, which did not include Knight (because of the S.D. Tex. Defendants' argument that she untimely submitted her interrogatory responses) or Franklin and Poellntiz (because counsel for the opt-in plaintiffs previously indicated in his supplemental trial plan that they were unable to attend trial). The opt-in plaintiffs did not respond to the S.D. Tex. Defendants' motion for reconsideration.

On September 23, 2014, this Court issued an order in the S.D. Ala. Action requiring the Remaining Plaintiffs to show cause why they had not complied with the Court's local rule requiring that a plaintiff file notice with the Court of results of service of process efforts within 45 days after the filing of a complaint. (S.D. Ala. Action, Doc. 5). The Remaining Plaintiffs filed a response to the show cause order on October 1, 2014 stating that their counsel mailed a waiver of service form to counsel for the S.D. Ala. Defendants that day and that their counsel would file the waiver of service with the Court once it is returned. (*See* S.D. Ala. Action, Doc. 6). On October 6, 2014, counsel for the S.D. Ala. Defendants informed the counsel for the Remaining Plaintiffs that his firm is not authorized to accept any service of process on Navika's behalf. (*See* S.D. Ala. Action, Hearing Documents, Tab 17). Counsel for the Remaining Plaintiffs also mailed notices of the S.D. Ala. Action and waivers of service forms to the S.D. Ala. Defendants'

registered addresses on October 23, 2014 and November 5, 2014, but, according to the counsel for the Remaining Plaintiffs, several of these mailings returned as undeliverable.  (*See* S.D. Ala. Action, Hearing Documents, Tab 18).

On November 25, 2014, the Remaining Plaintiffs then filed a motion requesting the Court to extend the time to serve the S.D. Ala. Defendants for thirty (30) days.  (*See* S.D. Ala. Action, Doc. 7).  The Court granted the motion for extension of time on December 1, 2014 giving counsel for the Remaining Plaintiffs until December 31, 2014 to perfect service on the S.D. Ala. Defendants.  (*See* S.D. Ala. Action, Doc. 8).  On January 7, 2015, the Remaining Plaintiffs filed an affidavit (S.D. Ala. Action, Doc. 9), in which Joseph Derosa, a process server, states that he attempted to serve Shah at his personal residence on November 29, 2014, December 2, 2014, and December 3, 2014, but Shah was not home.  On January 8, 2015, the Remaining Plaintiffs filed another affidavit (S.D. Ala. Action, Doc. 11), in which Mark E. McClosky, a process server, states that on January 6, 2015, he attempted to serve Navika at the New York Secretary of State's office but was informed that the New York Secretary of State could not accept service of process in this matter.  On November 7, 2015, Michael Delcore, a process server, served Shah and Navika with process through Rosa Walia, a receptionist at Navika.  (*See* S.D. Ala. Action, Docs. 12 & 13).  On January 28, 2015, Thomas Brabston, Jr., a process server, served Silverstone through Millard Williams, a general manager at Silverstone.  (*See* S.D. Ala. Action, Doc. 19).

Also on January 28, 2015, the S.D. Ala. Defendants filed their initial motion to dismiss (the "Initial Motion to Dismiss") (*See* S.D. Ala. Action, Doc. 16) requesting the Court to dismiss this action or, in the alternative, dismiss certain plaintiffs who had been improperly joined to this action.  The Remaining Plaintiffs filed an amended complaint (the "Amended Complaint") (*See* S.D. Ala. Action, Doc. 21) on February 20,

2015 and a response (*See* S.D. Ala. Action, Doc. 22) to the Initial Motion to Dismiss on February 23, 2015.  On March 6, 2015, the S.D. Ala. Defendants filed their reply (*See* S.D. Ala. Action, Doc. 23), which included request to dismiss the Remaining Plaintiff's amended Complaint.[5]  On March 12, 2015, the Court issued an order (the "S.D. Ala. March 12 Order") (*See* S.D. Ala. Action, Doc. 24) holding that the Initial Motion to Dismiss was moot in light of the timely and properly filed Amended Complaint.

On March 14, 2015, the S.D. Tex. Court issued an opinion and order (the "S.D. Tex. Reconsideration Order") (S.D. Tex. Action, Doc. 467) granting the S.D. Tex. Defendants' motion *in limine* to dismiss and motion to reconsider the S.D. Tex. Decertification Order.  The S.D. Tex. Court explicitly held that "

> [It is hereby] **ORDERED** that, pursuant to Fed. R. Civ. P. 37 and/or 41(b), all plaintiffs are hereby **DISMISSED** without prejudice for failure to comply with the Court's 17 January 2014 Order (Doc. 447), which required each plaintiff to disclose an individual computation of damages with supporting documentation by 10 February 2014; and
>
> **ORDERED** that Defendants' Motion for Reconsideration (Doc. 466) is GRANTED; Plaintiffs' Motion for Reconsideration and Extension (Doc. 463) and Amended Motion for Reconsideration and Extension (Doc. 464), having been reconsidered, are DENIED in their entirety, and
> **ORDERED** that equitable tolling of the applicable statute of limitations applied only to Amanda Arnold, Anne Bond, Teresa Carrier, Dany Cruz, Ashley Foege, Theresa Ford, Jamilla Garcia, Kaylynn Garcia, Tyshella Harvey, Stephanie Kennedy, Glynda Kyle, James Lane, Linda Law, Celia Leon, Eloy Luciano, LaToya Maxwell, Adrianne McFerrim, April McGee, Eric Nordheim, Nocolas Pereyra, Antonio Proctor, Lakitha Reed, Wanda Rivera, Travis Schoue, Bobby Smith, Mathew Stephenson, Stephanie Weber, Ashley Welch, Carolyn White, Marisha White, Melissa Wilkins and Robbie Williams; and

---

[5]      The S.D. Ala. Defendants contend that this request remains pending.  Assuming *arguendo* that the Court's disposition of the Initial Motion to Dismiss did not also dispose of the Remaining Plaintiffs' response and the Defendants' reply, which included the request to dismiss the Amended Complaint, this Report and Recommendation, which recommends that the Amended Motion to Dismiss should be granted in part and denied in part, equally applies to the S.D. Ala. Defendants' request included in their reply filed on March 6, 2015.

> **ORDERED** that the tolling extension order (Doc. 465), having been, on reconsideration, denied, the equitable tolling mentioned above, expired on July 7, 2014; and ORDERED that this action is dismissed in its entirety.

(S.D. Tex. Action, Doc. 467 at 6-7).

The S.D. Ala. Defendants then filed a motion for reconsideration (*See* S.D. Ala. Action, Doc. 25) on April 1, 2015 requesting the Court to reconsider the S.D. Ala. March 12 Order because "a new factual element that impacts the basis upon which the Court rendered" its ruling.  (*See* S.D. Ala. Action, Doc. 25 at 2). Specifically, the S.D. Ala. Defendants argued that the Court should apply the conclusions and rulings made in the S.D. Tex. Reconsideration Order issued two days after the S.D. Ala. March 12 Order. The Court subsequently denied the motion for reconsideration stating that "[a]ny argument that the amended complaint is due to be dismissed should be made in a properly filed motion to dismiss, not a re-urging of a motion to dismiss a complaint that is no longer the operable complaint."  (*See* S.D. Ala. Action, Doc. 34 at 3).

On May 8, 2015, the S.D. Ala. Defendants filed the Amended Motion to Dismiss requesting the Court to dismiss the entire S.D. Ala. Action pursuant to FED. R. CIV. P. 12(b)(5) or, in the alternative, dismiss the claims of certain plaintiffs pursuant to FED. R. CIV. P. 12(b)(6).   The S.D. Ala. Defendants primarily argue that because (a) the Remaining Plaintiffs did not serve the S.D. Ala. Defendants within the requisite time; (b) the Remaining Plaintiffs cannot demonstrate good cause for failing to timely serve the S.D. Ala. Defendants thereby entitling them to a mandatory extension of time; and (c) the issuance of the S.D. Tex. Reconsideration Order and an order (the "S.D. Ga. Order") issued by the United States District Court for the Southern District of Georgia (the "S.D. Ga. Court") on April 20, 2015 in *Johnson v. Navka, LLC, et al.*, Case No. 4:14-cv-00144-BAE-GRS, another case resulting from the decertification of the collective S.D. Tex. Action; the Court should use its discretion to dismiss the S.D. Ala. Action pursuant

to FED. R. CIV. P. 12(b)(5).  The S.D. Ala. Defendants alternatively request the Court, pursuant to FED. R. CIV. P. 12(b)(6), to either (a) dismiss the claims of Franklin, Law, Poellnitz, Portis, and Williams as being time-barred under the applicable statute of limitations because the S.D. Tex. Court revoked the extension of the equitable tolling that enabled the Remaining Plaintiffs to timely file the S.D. Ala. Action; (b) dismiss the claims of Franklin, Knight, Poellnitz, and Portis as being time-barred under the applicable statute of limitations because the claims of these plaintiffs were never tolled by the S.D. Tex. Court; or (c) dismiss a portion of the claims of Ford, Knight, Reed as untimely under the applicable statute of limitations.

The Remaining Plaintiffs filed the Response to the Amended Motion to Dismiss on May 29, 2015, and the S.D. Ala. Defendants filed the Reply regarding the Amended Motion to Dismiss on June 12, 2015.  The matter then came for hearing (the "Hearing") on July 21, 2015.  At the Hearing, counsel for the Remaining Plaintiffs submitted to the Court a lengthy collection of documents (the "Hearing Documents"), organized in thirty (30) tabs, supporting the Remaining Plaintiffs' position in response to the Amended Motion to Dismiss.  Consequently, the Court issued an order (S.D. Ala. Action, Doc. 53) giving the S.D. Ala. Defendants until July 29, 2015 to review the Hearing Documents and file any associated objections.  On July 29, 2015, the S.D. Ala. Defendants filed the Objection as to the submission of all of the Hearing Documents. The Remaining Plaintiffs filed the Response to the Objection on August 21, 2015, and the S.D. Ala. Defendants filed the Reply regarding the Objection on September 2, 2015.

<u>Discussion</u>

I.      **The Objection**

Before ruling on the Amended Motion to Dismiss, the Court will address the Objection.  At the Hearing, the Remaining Plaintiffs submitted the Hearing Documents,

which include several orders and documents filed in the S.D. Ala. Action and the S.D. Tex. Action, email correspondence regarding the filing of this action, email correspondence and affidavits regarding the service of the S.D. Ala. Defendants, orders issued by the United States District Courts for the Western District of Texas and the Northern District of Oklahoma in separate actions stemming from the decertification of the collective S.D. Tex. Action, and an email correspondence regarding counsel for Navika seeking local counsel in Savannah, Georgia in December 2014.

In their Objection, the S.D. Ala. Defendants object to all of the Hearing Documents for several reasons.  Specifically, the S.D. Ala. Defendants argue that (a) by submitting the Hearing Documents at the Hearing, the Remaining Plaintiffs are ignoring the rules and procedures of this Court and attempting to gain an improper advantage over the S.D. Ala. Defendants; (b) the submission of the Hearing Documents violates FED. R. EVID. 401 and 403 because they are irrelevant to the consideration of the Amended Motion to Dismiss and does nothing other than unduly delay this Court's disposition of the Amended Motion to Dismiss; (c) the Hearing Documents include documents not properly considered on a motion to dismiss; (d) the Court's Administrative Procedure Rules provide that this action was untimely filed on July 8, 2014; (e) the Remaining Plaintiffs are judicially estopped from submitting any of the Hearing Documents that suggest they initiated this action on July 7, 2014 because they previously maintained that they filed this action on July 8, 2014; and (f) the doctrine of *res judicata* prevents this Court from equitably tolling the statute of limitations in contravention of the S.D. Tex. Reconsideration Order; and (g) the Remaining Plaintiffs are collaterally estopped from seeking an additional extension of equitable tolling in contravention of the S.D. Tex. Reconsideration Order.

First, the undersigned rejects the S.D. Ala. Defendants' arguments that the Remaining Plaintiffs ignored the rules and procedures of this Court or attempted to gain an improper advantage by submitting the Hearing Documents at the Hearing.  In the Court's June 17, 2015 Order (the "S.D. Ala. June 17 Order") (S.D. Ala. Action, Doc. 48) scheduling the Hearing, the Court stated:

> [T]he parties should be prepared to speak in detail about the proceedings in the Southern District of Texas; the efforts on the part of the Plaintiffs to file this matter in this Court by July 7, 2014; the facts in support and against the orders entered by United States District Judge Melinda Harmon on July 14, 2014, and March 14, 2015; and the efforts on the part of the Plaintiffs to effectuate service on the Defendants in this case, including any external factors preventing service. Furthermore, *the parties will have an opportunity to present evidence in support of their positions at the time of the hearing*.

(S.D. Ala. Action, Doc. 48 at 1 (emphasis added)).  Further, the Court gave the S.D. Ala. Defendants more than a week to review the Hearing Documents and file any associated objections.  Because the Court explicitly informed the parties that they would have the opportunity to present evidence in support of their positions at the Hearing and gave the S.D. Ala. Defendants additional time to review and object to any evidence submitted at the Hearing, the Court rejects the Defendants' arguments regarding the Remaining Plaintiffs' ability to submit any evidence at the Hearing.

Second, the undersigned sustains in part and overrules in part the S.D. Ala. Defendants' objections to the Hearing Documents under FED. R. EVID. 401.  FED. R. EVID. 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  It is unclear whether the Defendants object to all portions of the Hearing Documents under FED. R. EVID. 401, or just the documents located at Tabs 11, 15, 27, and 30.  (*See* S.D. Ala. Action, Docs. 54 at 9 & 58 at 7).  Upon review of the Hearing Documents, the undersigned finds that two different documents

included in the Hearing Documents are not relevant under FED. R. EVID. 401 to the issues currently before this Court: (1) Tab 11 – an email correspondence between Khristine McNeil, an employee with the law firm representing the Remaining Plaintiffs, and an employee in the clerk's office of the Northern District of Oklahoma regarding the counsel's attempts to file a complaint in the Northern District of Oklahoma in compliance with that court's local rules; and (2) Tabs 27 and 30 - identical email correspondences between the counsel for the Remaining Plaintiffs and an attorney named Wesley Woolf regarding Navika's search for local counsel in Savannah, Georgia in December 2014.

The general issues raised by the Amended Motion to Dismiss are whether the Remaining Plaintiffs timely served the S.D. Ala. Defendants, whether the Court should dismiss the Remaining Plaintiffs' claims in the event they did not timely serve the S.D. Ala. Defendants, and whether any of the Remaining Plaintiffs' claims are barred by the applicable statute of limitations.  Further, the Court informed the parties prior to the Hearing that they would have the opportunity to present evidence in support of their positions on "the efforts on the part of the Plaintiffs to file this matter in this Court by July 7, 2014;" "the orders entered by United States District Judge Melinda Harmon on July 14, 2014, and March 14, 2015;" and "the efforts on the part of the Plaintiffs to effectuate service on the Defendants in this case, including any external factors preventing service."  (*See* S.D. Ala. Action, Doc. 48 at 1).  The undersigned finds that the documents located under Tabs 11, 27, and 30 do not have any tendency to make a fact regarding these issues more or less probable than it would be without the evidence. Moreover, the Remaining Plaintiffs did not address or explain at the Hearing how these documents are relevant to the issues currently before the Court on the Amended

Motion to Dismiss.  Therefore, the undersigned recommends that the Court sustain the S.D. Ala. Defendants' Objection as to these tabs under FED. R. EVID. 401.

Under Tab 15 of the Hearing Documents, the Remaining Plaintiffs provide a declaration from Cadie Taylor, the firm administrator of the law firm that represents the Remaining Plaintiffs, detailing the Remaining Plaintiffs' attempts and expenses in serving the S.D. Ala. Defendants.  In support of her declaration, the Remaining Plaintiffs attach several exhibits showing the various attempts and expenses incurred in serving the S.D. Ala. Defendants.  However, some of the attached exhibits reflect the Remaining Plaintiffs' attempts and expenses in serving the defendants in other proceedings resulting from the decertification of the collective S.D. Tex. Action, such as lawsuits in Oklahoma, Missouri, Georgia, and Texas.  These exhibits are not relevant to this Court's disposition of the Amended Motion to Dismiss or its determination of whether the Remaining Plaintiffs have timely served the S.D. Ala. Defendants.  The undersigned accordingly finds that any of the attached exhibits under Tab 15 that do not pertain to the S.D. Ala. Action are not relevant under FED. R. EVID. 401 and, therefore, recommends that the Court sustain the S.D. Ala. Defendants' objection to these portions of Tab 15 under FED. R. EVID. 401.

The undersigned contrarily finds that the remaining portions of the Hearing Documents are relevant to the Court's disposition of the Amended Motion to Dismiss and the scope of the Hearing, as defined by the Court in the S.D. Ala. June 17 Order.  In summation, the undersigned recommends that the S.D. Ala. Defendants' Objection under FED. R. EVID. 401 be (a) sustained as to the documents located under Tabs 11, 27, and 30 of the Hearing Documents and the exhibits located under Tab 15 of the Hearing Documents that do not pertain to the S.D. Ala. Action and (b) overruled as the remaining portions of the Hearing Documents.

Third, the undersigned overrules the S.D. Ala. Defendants' objections to the Hearing Documents under FED. R. EVID. 403, which provides that the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  The S.D. Ala. Defendants argue that many of the Hearing Documents are cumulative, repetitive, prejudicial, and do nothing more than unduly delay this Court's disposition of the Amended Motion to Dismiss.  The undersigned does not find this argument persuasive. As previously explained, the Court explicitly informed the parties that they would have the opportunity to present evidence in support of their positions at the Hearing and gave the S.D. Ala. Defendants additional time to review and object to the Hearing Documents.  Further, the S.D. Ala. Defendants have not provided any factual support showing how (a) they have been unfairly prejudiced by the submission of the Hearing Documents; (b) this action has been unduly delayed by the submission of the Hearing Documents; or (c) the Hearing Documents constitute cumulative evidence.  For these reasons, the undersigned finds that the probative value of the remaining portions of the Hearing Documents the undersigned has not previously excluded under FED. R. EVID. 401 is not substantially outweighed by a danger of unfair prejudice, undue delay, of needlessly presenting cumulative evidence.  Therefore, the undersigned recommends that the S.D. Ala. Defendants' objections under FED. R. EVID. 403 should be overruled.

Fourth, the undersigned rejects the S.D. Ala. Defendants' argument that the Hearing Documents include documents not properly considered on a motion to dismiss.  Specifically, the S.D. Ala. Defendants argue that "Tabs 9-18, 21, 23, 26, 27, 30, and several others" contain pieces of evidence outside the scope of the pleadings and not public records and, thus, are inappropriate for the Court to consider on a motion to

dismiss.  The Amended Motion to Dismiss is divided into two different motions, one requesting the Court to dismiss the S.D. Ala. Action under FED. R. CIV. P. 12(b)(5) because the Remaining Plaintiffs failed to serve the S.D. Ala. Defendants timely, and another requesting the Court to dismiss certain claims belonging to the Remaining Plaintiffs under FED. R. CIV. P. 12(b)(6) because those claims are time-barred under the applicable statute of limitations.  FED. R. CIV. P. 12(d) provides that if "matters outside the pleadings are presented to and not excluded by the court" on a motion to dismiss under FED. R. CIV. P. 12(b)(6) or FED. R. CIV. P. 12(c), the court must treat the motion as one for summary judgment under FED. R. CIV. P. 56 and give all parties a "reasonable opportunity to present all the material that is pertinent to the motion."

Here, all of the Hearing Documents not previously excluded by the undersigned under FED. R. CIV. P. 401, except for Tabs 9, 10, 12, 13, and 14, pertain to the Remaining Plaintiffs' efforts to serve the S.D. Ala. Defendants timely, and, as a result, the Court may consider these documents when determining whether the S.D. Ala. Action should be dismissed for insufficient service of process. *See Foster v. Bridgestone Ams. Inc.*, No. 11–0175–WS–N, 2011 WL 3606983, at *1 n.2 (S.D. Ala. Aug. 15, 2011) ("In the context of a Rule 12(b)(5) motion such as that presented here, courts routinely consider matters outside the four corners of the pleadings to ascertain whether service of process has been properly completed.").  Tabs 9, 10, 12, 13, and 14, on the other hand, do concern whether the Remaining Plaintiffs filed the S.D. Ala. Action in a timely manner. Specifically, the Remaining Plaintiffs provide these email correspondences in order to show that the S.D. Ala. Action was filed on July 7, 2014.  However, as the undersigned will explain in more detail later in this Report and Recommendation, this action clearly was filed on July 8, 2014.  Accordingly, the undersigned does not consider Tabs 9, 10, 12, 13, and 14 in determining whether certain claims belonging to the Remaining

Plaintiffs should be dismissed under FED. R. CIV. P. 12(b)(6).  Thus, it is not necessary for the Court to convert the FED. R. CIV. P. 12(b)(6) portion of the Amended Motion to Dismiss into a motion for summary judgment under FED. R. CIV. P. 56.  *See Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227, 1232 (11th Cir. 2010) ("A judge need not convert a motion to dismiss into a motion for summary judgment as long as he or she does not consider matters outside the pleadings. According to case law, 'not considering' such matters is the functional equivalent of 'excluding' them—there is no more formal step required.").

Finally, the Court finds that the S.D. Ala. Defendants' remaining arguments in the Objection are not objections to the Hearing Documents but are merely arguments that (a) the Remaining Plaintiffs filed this action on June 8, 2014 and (b) the Court should not further equitably toll the statute of limitations in the S.D. Ala. Action. Because the undersigned finds that the Remaining Plaintiffs did indeed initiate this action on June 8, 2014 and that the Remaining Plaintiffs are not entitled to any additional equitable tolling, it is unnecessary to address the remaining portions of the Objection.   Accordingly, the Remaining Plaintiffs' request in its Response to the Objection that the Court should strike those remaining arguments is moot.

## II.      The Amended Motion to Dismiss

"For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom." *Omar v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003); *see also Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) ("[In a motion to dismiss under FED. R. CIV. P. 12(b),] we take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff.").  In the Amended Motion to Dismiss, the S.D. Ala. Defendants' argue that

the Court should dismiss this entire action under Fed. R. Civ. P. 12(b)(5) or dismiss certain claims belonging to the Remaining Plaintiffs under Fed. R. Civ. P. 12(b)(6).  The undersigned will address each of those arguments in turn.

### A.    Fed. R. Civ. P. 12(b)(5)

The S.D. Ala. Defendants first request the Court to dismiss the S.D. Ala. Action under Fed. R. Civ. P. 12(b)(5) for insufficient service of process.  The S.D. Ala. Defendants contend that the Remaining Plaintiffs did not serve the S.D. Ala. Defendants within the requisite time, the Remaining Plaintiffs cannot demonstrate good cause for failing to timely serve the S.D. Ala. Defendants, and, in light of the S.D. Tex. Reconsideration Order and the S.D. Ga. Order,[6] the Court should use its discretion to dismiss this action.  Fed. R. Civ. P. 4(m) provides that if a plaintiff does not properly serve a defendant with process within 120 days of filing a complaint, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[7]  However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  Absent a showing of good cause, the court has the discretion to extend the

---

[6]    In the S.D. Ga. Order, the S.D. Ga. Court exercised its discretion to (a) not extend the time for service of process for plaintiffs who had not complied with Fed. R. Civ. P. 4(m) and (b) dismiss the plaintiffs' complaint.  (*See Johnson v. Navka, LLC, et al.*, Case No. 4:14-cv-00144-BAE-GRS, Doc. 30 at 2-3 (S.D. Ga. Apr. 20, 2015)).  As detailed below, the undersigned finds that under the circumstances present in the S.D. Ala. Action, it is appropriate to extend the time for service of process to January 28, 2015, the date when the Remaining Plaintiffs served the final defendant in the S.D. Ala. Action.  Unlike the S.D. Ga. Court, the undersigned finds that the S.D. Ala. Defendants have not suffered any prejudice resulting from untimely service as the S.D. Ala. Defendants had actual notice of the S.D. Ala. Action in July 2014.

[7]    Fed. R. Civ. P. 4(m) was amended in 2015, and the time for effecting service on a defendant was reduced from 120 days to 90 days. The 2015 amendment took effect on December 1, 2015, after the Remaining Plaintiffs filed the Initial Complaint. Therefore, the Court applies the 120-day period in effect at the time the S.D. Ala. Action was filed.

time for service of process.  *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132-33 (11th Cir. 2005).

Here, it is undisputed that the Remaining Plaintiffs failed to serve the S.D. Ala. Defendants within the 120-day requirement in FED. R. CIV. P. 4(m).  Consequently, unless the Remaining Plaintiffs show good cause for their failure to serve the S.D. Ala. Defendants timely, the Court has the discretion to dismiss the S.D. Ala. Action or extend the time for service of process.

The undersigned finds that the Remaining Plaintiffs have not demonstrated good cause for failing to serve the S.D. Ala. Defendants timely.  The Remaining Plaintiffs contend that their counsel knew the S.D. Ala. Defendants had actual notice of this suit and "incorrectly relied on his belief" that counsel for the S.D. Ala. Defendants would either accept service on behalf of the S.D. Ala. Defendants or execute waivers of service. However, the Remaining Plaintiffs waited until after the Court issued a show cause order in October 2014, three months after filing the Initial Complaint, to contact counsel for the S.D. Ala. Defendants about accepting service on behalf of the S.D. Ala. Defendants.  The Remaining Plaintiffs state that they also mailed notices of the lawsuit and waivers of service forms to the S.D. Ala. Defendants' registered addresses on October 23, 2014 and November 5, 2014, but several of these mailings returned as undeliverable.  (*See* S.D. Ala. Action, Hearing Documents, Tab 18).  Following those attempts, however, the Remaining Plaintiffs filed a motion to extend the time for service of the S.D. Ala. Defendants, which the Court granted. (*See* S.D. Ala. Action, Docs. 7 & 8). Despite receiving an extension until December 31, 2014 to serve the S.D. Ala. Defendants, counsel for the Remaining Plaintiffs did not serve Navika and Shah until January 7, 2015 and Silverstone until January 28, 2015.  (*See* S.D. Ala. Action, Docs. 12, 13 & 19).  While the Remaining Plaintiffs stress that they employed multiple process

servicers and attempted personal service on the S.D. Ala. Defendants on at least four different occasions (including once through the New York Secretary State), the undersigned notes that the earliest of these attempts occurred on November 29, 2014. (*See* S.D. Ala. Action, Doc. 9).

"Good cause" for failure to effect service "exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quoting *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991)).  The Remaining Plaintiffs, however, have failed to show the existence of some factor, other than the negligence or assumptions of their counsel, that caused them to serve the S.D. Ala. Defendants untimely.  While the Remaining Plaintiffs did hire several process servers to effect service on multiple occasions, the majority of the delay in successfully serving the S.D. Ala. Defendants was a result of them waiting three months after initiating the S.D. Ala. Action to attempt service and their counsel's assumptions that counsel for the S.D. Ala. Defendants would either accept service on behalf of the S.D. Ala. Defendants or execute waivers of service.   Therefore, the undersigned finds that the Remaining Plaintiffs have not shown good cause for their failure to serve the S.D. Ala. Defendants properly.

The undersigned nevertheless finds that the time for service of process should be extended to the dates the S.D. Ala. Defendants were actually served.  *See Lepone-Dempsey*, 476 F.3d at 1282 ("[W]hen a district court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case.").   Relevant circumstances to consider when determining whether to extend the time for service of process include "such factors as whether the

statute of limitations would bar a refiled action, whether the defendant evaded or concealed a defect in service, and whether the defendant had actual notice of the suit." *Prince Hotel, S.A. v. Blake Marine Grp.*, 858 F. Supp. 2d. 1287, 1293 (S.D. Ala. 2012).  As discussed later in this Report and Recommendation, the expiration of the applicable statute of limitations has already barred some of the Remaining Plaintiffs' claims, and the dismissal of the S.D. Ala. Action could result in more claims being time-barred.  In addition, the undersigned finds that the S.D. Ala. Defendants have not suffered any prejudice resulting from the Remaining Plaintiffs' untimely service as the S.D. Ala. Defendants undisputedly had actual notice of this action on July 24, 2014, when the they, as S.D. Tex. Defendants, informed the S.D. Tex. Court that the S.D. Ala. Action had been initiated in their motion requesting the S.D. Tex. Court to reconsider its previous order extending equitable tolling for the opt-in plaintiffs.  (*See* S.D. Tex. Action, Doc. 466).  Thus, under these circumstances, the undersigned finds that it is appropriate to extend time for service of process to January 28, 2015, the date when the Remaining Plaintiffs served the final defendant in the S.D. Ala. Action.

For these reasons, the undersigned recommends that the Court deny the Amended Motion to Dismiss to the extent the S.D. Ala. Defendants request the Court to dismiss the S.D. Ala. Action under FED. R. CIV. P. 12(b)(5).

###### B.      FED. R. CIV. P. 12(b)(6)

The S.D. Ala. Defendants alternatively request the Court, pursuant to FED. R. CIV. P. 12(b)(6), to either (a) dismiss the claims of Franklin, Law, Poellnitz, Portis, and Williams as being time-barred under the applicable statute of limitations because the S.D. Tex. Court revoked the extension of the equitable tolling that enabled these plaintiffs to timely file the S.D. Ala. Action**,** (b) dismiss the claims of Franklin, Knight, Poellnitz, and Portis as being time-barred under the applicable statute of limitations

because the claims of these plaintiffs were never tolled by the S.D. Tex. Court, or (c) dismiss a portion of the claims of Ford, Knight, and Reed as untimely under the applicable statute of limitations. The Remaining Plaintiffs argue that they should be entitled to rely on the S.D. Tex. Court's extension of equitable tolling in filing the S.D. Ala. Action.  Alternatively, the Remaining Plaintiffs request the Court to equitably toll the statute of limitations "to correct any manifest injustice[.]"  (S.D. Ala. Action, Doc. 40 at 8).

Dismissal under FED. R. CIV. P. 12(b)(6) "on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *La Grasta v. First Union Secs., Inc.*, 358 F.3d. 840, 845 (11th Cir. 2004) (citations omitted) (quoting *Omar*, 334 F.3d at 1247); *see also Mims v. Monroe Cnty. Bd. of Educ.*, No. 13-00643-KD-M, 2014 WL 2508732, at *2 (S.D. Ala. June 4, 2014) (citation omitted); *Allstate Ins. Co. v. Regions Bank*, No. 14-0067-WS-C, 2014 WL 1668490, at * 5 (S.D. Ala. April 28, 2014) (quoting another source).

Upon review of the Amended Complaint, the undersigned finds that the S.D. Ala. Defendants' motion to dismiss under FED. R. CIV. P. 12(b)(6) should be granted in part and denied in part.  According to the Amended Complaint, Navika and Silverstone employed the Remaining Plaintiffs during the following dates:

- Portis:  employed for eight months in 2008;
- Knight: 2010 – 2012;
- Franklin: January 2010 – March 2011;
- Poellnitz: August 2008 – July 2010;
- Ford: 2004 – 2010; September 2012 – Present;
- Law: July 2009 – November 2009;
- Reed: 2009 – 2011;
- Williams: April 2007 – October 2010.

(S.D. Ala. Action, Doc. 21 at 8-20).   The S.D. Ala. Defendants note that the longest possible statute of limitations under the FLSA for the Remaining Plaintiffs' claims is

three years from the accrual of the cause of action. *See* 29 U.S.C. § 255. For purposes of evaluating the statute of limitations in a FLSA case, each alleged failure to pay minimum or overtime wages constitutes a new violation of the FLSA and, thus, begins a new statute of limitations period. *See Mauyorga v. DeLeon's Bromeliads, Inc.*, No. 13-20101-CIV, 2013 WL 3927692, at *5 (S.D. Fla. July 29, 2013) (citing *Knight v. Columbus, Ga.*, 19 F.3d 579, 582 (11th Cir. 1994); *Butler v. Cleburne Cnty Comm'n*, No. 1:10-cv-2561-PWG, 2012 WL 2357740, at *18 (N.D. Ala. Jan. 17, 2012) (same); *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 81-82 (E.D.N.Y. 2011) (quoting another source) ("Courts have held that for purposes of establishing the statute of limitations under the FLSA, a new cause of action accrues with each payday following an allegedly unlawful pay period.").

In a general class action lawsuit under FED. R. CIV. P. 23, the statute of limitations for the individual claims is tolled for all purported members of the class until a formal decision on class certification has been made, or until the individual plaintiff opts out. *See Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 353-54 (1983); *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974). In the context of a FLSA collective action, such as the S.D. Tex. Action, courts have applied the *American Pipe* rule by tolling the statute of limitations between the time each individual opt-in plaintiff consents to the suit and the time each opt-in plaintiff must pursue their claim individually because of dismissal from the collective action or a court's decision to decertify the class. *See Arnold v. Navika Capital Grp, LLC*, No. 14-CV-378-GKF-FHM, Doc. 32 at 5-7 (N.D. Okla. July 1, 2015); *Butler v. DirectSAT USA, LLC*, 44 F. Supp. 3d 793, 801 (D. Md. 2014) (quoting another source) ("The statute of limitations for a plaintiff in a collective action is tolled after the plaintiff has filed a consent to opt in to the collective action, and begins to run again if the court later decertifies the collective action."); *Burch v. Qwest Commc'ns Int'l, Inc.*, No.

06-3523 (MJD/AJB), 2010 WL 529427, at *5 (D. Minn. Feb. 4, 2010); *Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1138 (D. Nev. 1999) (citation omitted) ("The only tolling which makes sense with respect to [FLSA collective actions] is to toll the statute of limitations between the time each individual plaintiff consents to the suit, and the time the court dismisses the plaintiff if the court determines that the plaintiff is not 'similarly situated,' and must pursue their claim individually."); *see also* 29 U.S.C. § 256 ("[I]n the case of a collective or class action instituted under the [FLSA,] . . . it shall be considered to be commenced in the case of any individual claimant--(a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or (b) if such written consent was not so filed or if his name did not so appear--on the subsequent date on which such written consent is filed in the court in which the action was commenced.")

Citing *Armstrong v. Martin Marietta Corp.,* 138 F.3d 1374 (11th Cir. 2008), the Middle District of Georgia explained,

> To join an FLSA collective action, an employee must consent, or "opt in," to the action by filing with the court a written consent to join. 29 U.S.C. § 216(b); *Grayson v. K Mart Corp.,* 79 F.3d 1086, 1106 (11th Cir.1996). "[O]pt-in plaintiffs are deemed to commence their civil action only when they file their written consent to opt into the class action." *Id.* Therefore, an opt-in plaintiff "must file his written consent to opt into the class action prior to the expiration of the statute of limitations on his [FLSA] claim." *Id.* at 1107. Once an individual opts in to an FLSA collective action, the statute of limitations is tolled from the date the consent form was filed, but if the court later denies certification of the collective action and dismisses the opt-in plaintiffs, the statute of limitations **resumes** upon that dismissal. *E.g., Armstrong v. Martin Marietta Corp.,* 138 F.3d 1374, 1380 (11th Cir.1998).

*In re Tyson Foods, Inc.,* 2008 WL 4613654, at *2 (M.D. Ga. Oct. 15, 2008)(emphasis added, footnotes omitted).

With these parameters in mind, the undersigned will now examine the timeliness of the claims belonging to each of the Remaining Defendants.   As previously mentioned, the undersigned finds that the S.D. Ala. Action was filed on July 8, 2014. The Clerk of the Court, as authorized under S.D. Ala. GenLR (5)(b), has implemented and published the Administrative Procedure for Filing, Signing, and Verifying Documents by Electronic Means in the United States District Court for the Southern District of Alabama (the "S.D. Ala. Administrative Procedure for Electronic Filing"), which is available at http://www.alsd.uscourts.gov/sites/alsd/files/AdminPro.pdf.

Rule II(A) of the S.D. Ala. Administrative Procedure for Electronic Filing provides, in relevant part, that "emailing a document to the Clerk's Office or to the assigned judge shall not constitute 'filing' of the document[,] . . . [t]he Clerk's Office will **not** accept pleadings sent by e-mail[, and] . . . [n]**ew cases are deemed 'filed' the day the clerk's office receives the e-filed complaint and any required filing fee**." (emphasis in original).   In this case, the Remaining Plaintiffs electronically filed the Initial Complaint on July 8, 2014.   Although S.D. Ala. GenLR 5(b)(2) states that the "Court may make reasonable exemption from the electronic filing requirement[,]" the undersigned finds that the circumstances of this case do not warrant any exemption to the requirement, regardless of whether the counsel for the Remaining Plaintiffs attempted to e-mail the Initial Complaint prior to July 8, 2014.   The S.D. Tex. Court issued the S.D. Tex. Decertification Order on June 4, 2014.   Extensions of equitable tolling periods aside, the Remaining Plaintiffs had more than a month to file the Initial Complaint properly.   Yet they did not comply with the S.D. Ala. Administrative Procedure for Electronic Filing until July 8, 2014.   The undersigned finds that the Remaining Plaintiffs have not demonstrated sufficient circumstances warranting a reasonable exemption to the electronic filing requirement.

Turning to the specific Remaining Plaintiffs, the Amended Complaint provides that Portis was employed by Navika and Silverstone for eight months during 2008 and that he was paid bi-weekly. (*See* S.D. Ala. Action, Doc. 21 at 16). Portis filed his Consent to Joint Collective Action in the S.D. Tex. Action on June 29, 2012. (*See* S.D. Tex. Action, Doc. 144).[8] Even with construing the facts in the light most favorable to Portis by deeming his last pay period to have ended on December 31, 2008, the limitations period for all of his claims provided for in the Amended Complaint would have expired prior to the date he filed his consent in the S.D. Tex. Action. Therefore, the undersigned finds that the S.D. Ala. Defendants' FED. R. CIV. P. 12(b)(6) argument in the Amended Motion to Dismiss should be granted as to Portis' claims and that Portis' claims should be dismissed.

The Amended Complaint provides that Knight was employed by Navika and Silverstone from 2010 to 2012 and was paid bi-weekly. (*See* S.D. Ala. Action, Doc. 21 at 11-12). Assuming that Knight began work as early as January 1, 2010, she had until January 1, 2013 to file to preserve all claims. Knight filed her Consent to Joint Collective Action the S.D. Tex. Action on July 9, 2012, which tolled the statute of limitations. (*See* S.D. Tex. Action, Doc. 247). At that time, Knight had approximately 6 months remaining before the statute of limitations would expire on her claim starting in 2010. The S.D. Tex. Court decertified the class and dismissed the claims of all individual opt-

---

[8]        A court may take judicial notice of certain facts, such as documents in a prior case, without converting a motion to dismiss into a motion for summary judgment. *See Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (unpublished) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) & *Universal Express, Inc. v. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006)).

in plaintiffs without prejudice on June 4, 2014.[9]  Knight initiated this action on July 8, 2014, well within the statute of limitations. Consequently, the undersigned finds that the S.D. Ala. Defendants' FED. R. CIV. P. 12(b)(6) argument in the Amended Motion to Dismiss as to Knight should be denied.

The Amended Complaint provides that Franklin was employed by Navika and Silverstone from January 2010 to March 2011 and was paid bi-weekly. (*See* S.D. Ala. Action, Doc. 21 at 9-10). Assuming that Franklin began work as early as January 1, 2010, she had until January 1, 2013 to file to preserve all claims. Franklin filed her

---

[9]   The Defendants argue that Knight was dismissed on January 17, 2014 and that Franklin and Poellnitz were dismissed in April 2014. Upon review of the entire record for S.D. Tex. Action, the undersigned is unable to determine at what point in the proceedings Knight, Franklin, and Poellnitz were dismissed. Specifically, it is unclear whether Knight, Franklin, and Poellnitz were dismissed on January 17, 2014 when the January 17 S.D. Tex. Order was issued, on June 4, 2014 when the S.D. Tex. Decertification Order was issued, or at some other point. For example, in the January 17 S.D. Tex. Order, the S.D. Tex. Court dismissed without prejudice all opt-in plaintiffs who failed to submit interrogatory responses to the S.D. Tex. Defendants by August 27, 2013. (*See* S.D. Tex. Action, Doc. 447 at 31). Yet the parties never jointly submitted a list of which opt-in plaintiffs were dismissed pursuant to this order nor did the S.D. Tex. Court ever clarify which opt-in plaintiffs were dismissed for their failure to timely submit interrogatory responses. Moreover, a review of the S.D. Tex. Action's record reveals that the parties specifically disputed whether Knight was included in those opt-in plaintiff who were dismissed via the January 17 S.D. Tex. Order. As for Franklin, Knight, and Poellnitz, the S.D. Tex. Court held in the S.D. Tex. Reconsideration Order that its order equitable tolling the statute of limitations to July 7, 2014 did not apply to them. (*See* S.D. Tex. Action, Doc. 467 at 7). However, at no point in the S.D. Tex. Action did the S.D. Tex. Court issue an order dismissing Franklin or Poellnitz. Instead, the Court just mentions in the S.D. Tex. Decertification Order that the counsel for the opt-in plaintiffs indicated in his April 2014 supplemental trial plan that Franklin and Poellnitz were "unable to attend trial." (*See* S.D. Tex. Action, Doc. 460 at 7). In the S.D. Tex. Reconsideration Order, the S.D. Tex. Court clarifies which opt-in plaintiffs could utilize the equitable tolling period provided in the S.D. Tex. Decertification Order, but the court did not clarify which opt-in plaintiffs were dismissed at which point in the proceedings. (*See* S.D. Tex. Action, Doc. 467 at 7). Because the Court must construe the facts in the light most favorable to the Remaining Plaintiffs, and the record of the S.D. Tex. Action is unclear whether Knight, Franklin, and Poellnitz were dismissed before the S.D. Tex. Decertification Order, the undersigned will measure the *American Pipe* tolling period though June 4, 2014, the date in which the S.D. Tex. Court issued the S.D. Tex. Decertification Order decertifying the class of the opt-in plaintiffs.

Consent to Joint Collective Action in the S.D. Tex. Action on June 28, 2012, which tolled the statute of limitations. (*See* S.D. Tex. Action, Doc. 92). At that time, Franklin had approximately 6 months remaining before the statute of limitations would expire on her 2010 claims. The S.D. Tex. Court decertified the class and dismissed the claims of all individual opt-in plaintiffs without prejudice on June 4, 2014.  Franklin initiated this action on July 8, 2014, well within the 6 months remaining on the statute of limitations. Consequently, the undersigned finds that the S.D. Ala. Defendants' FED. R. CIV. P. 12(b)(6) argument in the Amended Motion to Dismiss as to Franklin should be denied.

The Amended Complaint provides that Poellnitz was employed by Navika and Silverstone from August 2008 to July 2010 and was paid bi-weekly.  (*See* S.D. Ala. Action, Doc. 21 at 14-15).  Poellnitz filed her Consent to Joint Collective Action in the S.D. Tex. Action on June 29, 2012, which tolled the statute of limitations on her claims. (*See* S.D. Tex. Action, Doc. 143). At that time she preserved all claims that accrued on or after June 29, 2009.  The S.D. Tex. Court decertified the class and dismissed the claims of all individual opt-in plaintiffs without prejudice on June 4, 2014.  Poellnitz initiated this action on July 8, 2014. Because Poellnitz waited 34 days to file, the statute of limitations expired on claims that accrued between June 29, 2009 and August 1, 2009. However, the statute of limitations has not expired for any of Poellnitz's claims that accrued on or after August 1, 2009. Consequently, the undersigned finds that the S.D. Ala. Defendants' FED. R. CIV. P. 12(b)(6) argument in the Amended Motion to Dismiss as to Poellnitz should be granted in part and denied in part and that any of Poellnitz's claims that accrued prior to August 2, 2009 should be dismissed.

The Amended Complaint provides that Ford was employed by Navika and Silverstone from 2004 to 2010 and September 2012 to the present and was paid bi-weekly.  (*See* S.D. Ala. Action, Doc. 21 at 8-9).  Ford filed her Consent to Joint Collective

Action in the S.D. Tex. Action on June 29, 2012, which tolled the statute of limitations. (*See* S.D. Tex. Action, Doc. 124). At that time she preserved all claims that accrued on or after June 29, 2009. The S.D. Tex. Court decertified the class and dismissed the claims of all individual opt-in plaintiffs without prejudice on June 4, 2014. The S.D. Tex. Court held that Ford's claims were equitably tolled from June 4, 2014 to July 7, 2014. (*See* S.D. Tex. Action, Doc. 467 at 7). Ford initiated this action on July 8, 2014. Because Ford waited 1 day beyond the expiration of the equitably tolled period to file, the statute of limitations expired on claims that accrued on June 29, 2009. The statute of limitations has not expired for any of Ford's claims that accrued on or after June 30, 2009. Consequently, the undersigned finds that the S.D. Ala. Defendants' FED. R. CIV. P. 12(b)(6) argument in the Amended Motion to Dismiss as to Ford should be granted in part and denied in part and that any of Ford's claims that accrued prior to June 30, 2009 should be dismissed.

The Amended Complaint provides that Law was employed by Navika and Silverstone from July 2009 to November 2009 and was paid bi-weekly. (*See* S.D. Ala. Action, Doc. 21 at 12-13). Law filed her Consent to Joint Collective Action in the S.D. Tex. Action on July 12, 2012, which tolled the statute of limitations. (*See* S.D. Tex. Action, Doc. 279). At that time, she preserved all of her claims that accrued on or after July 12, 2009. The S.D. Tex. Court decertified the class and dismissed the claims of all individual opt-in plaintiffs without prejudice on June 4, 2014. The S.D. Tex. Court held that Law's claims were equitably tolled from June 4, 2014 to July 7, 2014. (*See* S.D. TEX. Action, Doc. 467 at 7). Law initiated this action on July 8, 2014. Because Law waited 1 day after the expiration of the tolling to file her claim, claims that accrued on July 12, 2009 expired. The statute of limitations has not expired for any of Law's claims that

accrued on or after July 13, 2009. As a result, any claim that accrued prior to July 13, 2009 is due to be dismissed.

The Amended Complaint provides that Reed was employed by Navika and Silverstone from 2009 to 2011 and was paid bi-weekly. (*See* S.D. Ala. Action, Doc. 21 at 6-7). Reed filed her Consent to Joint Collective Action in the S.D. Tex. Action on July 9, 2012, which tolled the statute of limitations. (*See* S.D. Tex. Action, Doc. 250). At that time, she preserved claims that accrued on or after July 9, 2009. The S.D. Tex. Court decertified the class and dismissed the claims of all individual opt-in plaintiffs without prejudice on June 4, 2014. The S.D. Tex. Court held that Reed's claims were equitably tolled from June 4, 2014 to July 7, 2014. (*See* S.D. Tex. Action, Doc. 467 at 7). Reed initiated this action on July 8, 2014. Because Reed waited to file her claims until 1 day after the tolling period expired, claims that accrued on July 9, 2009 expired. The statute of limitations has not expired for any of Reed's claims that accrued on or after July 10, 2009. As a result, any claim that accrued prior to July 10, 2009 is due to be dismissed.

The Amended Complaint provides that Williams was employed by Navika and Silverstone from April 2007 to October 2010 and was paid bi-weekly. (*See* S.D. Ala. Action, Doc. 21 at 19-20). Williams filed her Consent to Joint Collective Action in the S.D. Tex. Action on July 11, 2012, which tolled the statute of limitations. (*See* S.D. Tex. Action, Doc. 271). At that time, Williams preserved all claims that had accrued on or after July 11, 2009. The S.D. Tex. Court decertified the class and dismissed the claims of all individual opt-in plaintiffs without prejudice on June 4, 2014. The S.D. Tex. Court held that Williams' claims were equitably tolled from June 4, 2014 to July 7, 2014. (*See* S.D. Tex. Action, Doc. 467 at 7). Williams initiated this action on July 8, 2014. Because Williams waited to file her claims until one day after the tolling period expired, claims that accrued on July 11, 2009 expired. As a result, the statute of limitations has not

expired for any of Williams' claims that accrued on or after July 12, 2009. Consequently, the Amended Motion to Dismiss as to Williams should be granted in part and denied in part and that any of Williams' claims that accrued prior to July 12, 2009 should be dismissed.

In addition, the undersigned finds that the Remaining Plaintiffs' request in the Response to the Amended Motion to Dismiss for additional equitable tolling of the statute of limitations in the S.D. Ala. Action should be denied. The Remaining Plaintiffs argue that it would have been impossible to file the Initial Complaint before the "new" July 7, 2014 deadline as "the new deadline was set a year after the deadline had already passed." (S.D. Ala. Action, Doc. 40 at 8). While the S.D. Tex. Court did revoke its extension of equitable tolling on March 14, 2015 in the S.D. Tex. Reconsideration Order, the July 7, 2014 deadline was not "new" as the S.D. Tex. Court originally equitably tolled the statute of limitations for thirty (30) days following the S.D. Tex. Decertification Order, which was issued on June 4, 2014. (*See* S.D. Tex. Action, Doc. 460 at 11). The undersigned finds that the Remaining Plaintiffs have failed to show how the circumstances present in this case rise to the extraordinary level necessary for the Court to apply additional equitable tolling. *See Watkins v. City of Montgomery*, 919 F.Supp.2d 1254, 1265 (M.D. Ala. 2013) (citing another source) ("Before tolling the applicable statute of limitations under the FLSA, the Court must find that extraordinary circumstances exist to justify applying this equitable principle."); *Longcrier v. HL-A Co., Inc.*, 595 F.Supp.2d 1218, 1243 (S.D. Ala. 2008) (citing *Wallace v. Kato*, 549 U.S. 384, 396 (2007)) ("Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs."); *Pendlebury v. Starbucks Coffee Co.*, No. 04-80521-CIV, 2008 WL 700174, at *3 (S.D. Fla. Mar. 13, 2008) (quoting *Sandvik v. U.S.*, 177 F.3d 1269, 1271 (11th Cir. 1999)) ("Equitable tolling is available and appropriate where

the plaintiff untimely files her complaint because of 'extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'"). Thus, the undersigned recommends that the Court deny the Remaining Plaintiffs' request for additional equitable tolling.

## Conclusion

The Magistrate Judge finds that the Objection should be sustained to the extent that the documents located under Tabs 11, 27, and 30 of the Hearing Documents and the exhibits located under Tab 15 of the Hearing Documents that do not pertain to the S.D. Ala. Action should be excluded. Further, the undersigned finds that all remaining portions of the Objection should be overruled. As for the Amended Motion to Dismiss, the undersigned finds that the S.D. Ala. Defendants' request to dismiss this action under FED. R. CIV. P. 12(b)(5) should be denied, and the S.D. Ala. Defendants' request to dismiss certain claims belonging to the Remaining Defendants under FED. R. CIV. P. 12(b)(6) should be granted in part and denied in part. Specifically, the undersigned finds that the Amended Motion to Dismiss should be granted under FED R. CIV. P. 12(b)(6) as to all of Portis' claims, any of Poellnitz's claims that accrued prior to August 2, 2009, any of Ford's claims that accrued prior to June 30, 2009, any of Law's claims that accrued prior to July 13, 2009, any of Reed's claims that accrued prior to July 10, 2009, and any of Williams' claims that accrued prior to July 12, 2009. In conclusion, after careful consideration, and for the reasons set forth above, the Objection is **SUSTAINED IN PART AND OVERRULED IN PART** and the Amended Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.

**DONE** and **ORDERED** this **17th** day of **March 2016.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**