**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **TERESA FORD,** *et al.***,** ) | |
|          **Plaintiffs,** ) | |
| ) | |
| v.  ) | **CIVIL ACTION NO. 14-00311-KD-C** |
| ) | |
| **NAVIKA CAPITAL GROUP, LLC,** *et al.***,** ) | |
|          **Defendants.** ) | |

**ORDER**

This matter is before the Court on Plaintiffs' motion for fees/costs (Doc. 86), Defendants' Response (Doc. 87), Plaintiffs' Reply (Doc. 88) and Plaintiffs' Bill of Costs (Doc. 89).

**I.      Background**

On July 8, 2014, 14 Plaintiffs initiated this FLSA collective again against Defendants. (Doc. 1).  On March 12, 2015, Stokes was terminated as a plaintiff.  (Doc. 24).  On May 12, 2015, White was terminated as a plaintiff.  (Docs. 35, 37).  On June 9, 2015, Wilkins was terminated as a plaintiff.  (Docs. 42, 43).  On June 10, 2015, Plaintiffs' counsel's request to withdraw from representing Carrier, Hannon and McGee in this case was granted.  (Docs. 32, 44).  On July 1, 2015, Carrier, Hannon and McGee were terminated as plaintiffs.  (Doc. 49). On March 22, 2016, Portis was terminated as a plaintiff.   Thus, as of March 23, 2016, seven (7) plaintiffs remained in this case – Ford, Franklin, Knight, Law, Poellnitz, Reed and Williams.

On August 19, 2016, these seven (7) plaintiffs moved the Court for approval of the settlement agreements.  (Docs. 80).  The motion was denied but with leave to refile.  (Doc. 81).  On November 17, 2016 these plaintiffs moved the Court for approval of the amended settlement agreements.  (Doc. 84).  On November 30, 2016, this Court granted the parties'

1

joint motion to approve the amended settlement agreement and release, reserving the issue of attorneys' fees and costs for another day.  (Doc. 85).

Notably, as this is an FLSA case, the Court had to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised to approve the settlement. Lynn's Food Stores, Inc. v. United States of Am., 679 F.2d 1350, 1354-1355 (11th Cir. 1982).  This includes an assessment of attorneys' fees and costs.  As such, in granting the parties' motion to approve the amended settlements, the Court considered the parties' representations that "Plaintiffs' counsel will be filing an application for an additional, separate sum of reasonable attorneys' fees and costs, meaning that counsel's recovery is in no way related to those sums to be paid to Plaintiffs in compromise of their claims."  (Doc. 84 at 8).  The parties stated that they disagreed on the amount to attorneys' fees to be assessed and so "agreed to let the Court determine" the amount, as set forth in the proposed settlement agreements at Paragraph 7.  (Id. at 10).  Paragraph 7(a) of the settlement agreements provides:

> (a) NAVIKA has agreed to pay the reasonable attorneys' fees and costs incurred by FORD, with such fees being determined by the Court.  The Parties agree that counsel for FORD shall file a motion to determine the reasonable attorneys' fees incurred by counsel for FORD herein in accordance with Local Rule 7.0. The Parties further agree that, unless the Court orders otherwise, such motion shall be submitted on the papers and payment for reasonable attorney's fees shall be made within thirty (30) days after the Court determines and awards such.

In granting on the motion to approve the settlement, the Court stated:

> As set forth above, the motion is **GRANTED** and the settlement agreements are **APPROVED**. The parties have agreed that the Court will calculate attorneys' fees in this matter. Under the FLSA attorneys' fees are an integral part of damages and thus judgment will not be entered until the attorneys' fee determination is resolved. *See Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir.1987) ("…[W]e hold that attorney fees are an integral part of the merits of FLSA cases and part of the relief sought therein. Thus, a final determination as to the award of attorney fees is required as part of the final appealable judgment.").

(Doc. 85).  The Court ordered briefing and on December 21, 2016, Plaintiffs moved for fees

2

and costs, and on January 11, 2017 submitted a Bill of Costs. (Docs. 86, 89).

Specifically, Plaintiffs seeks attorneys' fees and costs "to be paid by the Defendants." (Doc. 86). According to counsel, they recovered **$41,560.00** for the seven (7) Plaintiffs on their FLSA claims against the Defendants. (Docs. 86 at 5, 86-1 (Decltn. Steele)). Now, Plaintiffs' counsel seeks recovery of an additional **$68,999.50** in attorneys' fees and **$1,160.69** in costs/expenses for **450.80 hours**[1] litigating this case on behalf of *all 14 of the original plaintiffs* from July 4, 2014-December 21, 2016, as well as **$2,120.00** for preparing the fees motion:

> After excluding hours that have been eliminated through the exercise of billing judgment; reducing the hourly rates in accordance with the prevailing market rates in Mobile, Alabama; analyzing the decisions of this Court; Plaintiffs' counsel reduced the 536.10 hours expended prosecuting this matter to 450.8 for which counsel is seeking compensation. Plaintiffs' current lodestar is $68,999.50—which leads to an effective "blended" rate of $153.06 per hour. Plaintiffs seek costs and expenses in the amount of $1,160.69. Consequently, the question before this Court is whether the $68,999.50 lodestar amount of fees for Plaintiffs' counsel's work prosecuting this action and the $2,120.00 lodestar amount for preparing this application are reasonable.

(Doc. 86 at 2). Plaintiffs' separately filed Bill of Costs seeks an *additional* **$733.90** ($400 for fees of the clerk and $333.90 for service of the summons/petition).[2] (Docs. 89, 89-1, 89-2). Defendants vigorously oppose the amount of attorneys' fees and costs requested. (Doc. 88).

## II. FLSA Attorneys' Fees

The FLSA requires that the "court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The Court relies on the lodestar method for determining the reasonableness of the fees sought – the number of reasonable hours counsel expended multiplied by counsel's reasonable hourly rates. Silva v. Miller, 307 Fed.

---

1 Which counsel represents is a reduction from the 536.10 hours expended. (Doc. 86 at 2).

2 Which includes "rush" fees totaling $260.00 and $9.90 for copying charges. (Doc. 89-2 at 1).

Appx. 349 (11th Cir. 2009) (the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement[]"). See also generally Norman v. Alorica, Inc., 2012 WL 5452196 (S.D. Ala. Nov. 7, 2012); Wolff v. Royal American Mgt., Inc., 2012 WL 5303665 (S.D. Ala. Oct. 25, 2012).

First, for FLSA fees recovery there must be an assertion that the fees were negotiated separately from Plaintiffs' settlements to avoid any taint in the agreements.   See, e.g., Crabtree v. Volkert, Inc., 2013 WL 593500, *7 (S.D. Ala. Feb. 14, 2013) ("a court reviewing an FLSA settlement must review the 'reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement[]'").   The Court is satisfied that this assertion has been made: "Plaintiffs' counsel will be filing an application for an additional, separate sum of reasonable attorneys' fees and costs, meaning that counsel's recovery is in no way related to those sums to be paid to Plaintiffs in compromise of their claims."   (Doc. 84 at 8).

Second, Defendants, via execution of the seven (7) settlements, agreed to pay Plaintiffs reasonable attorneys' fees and costs as determined by this Court *for those plaintiffs*. (Doc. 84-1 at 6 at ¶7(a)).   Plaintiffs' recovery is thus limited to the fees and costs incurred for Ford, Franklin, Knight, Law, Poellnitz, Reed and Williams. Counsel's billing records do not sufficiently differentiate among plaintiffs, making it unclear as to which entries relate to the seven (7) plaintiffs versus the terminated/dismissed plaintiffs. Plaintiffs acknowledge that "some of the time was not identified and written off" in response, but contend that counsel's overall reduction of fees basically remedies such.   (Doc. 88 at 4-6).   While Plaintiffs have "conceded"

4

some entries should be removed, the better course – for clarity and to avoid confusion – is for counsel to review the billing records and submit a new motion seeking only those fees and costs relating to the seven (7) plaintiffs..

Third, the billing records include time entries by 11 non-lawyers. (Doc. 86 at 9). Concerning non-lawyer paralegals and non-lawyer law clerks, a court may award fees for their work, but only to the extent they perform work "traditionally done by an attorney." Vanderbilt Mortg. And Fin., Inc. v. Crosby, 2015 WL 5178719, *2 (S.D. Ala. Sept. 54, 2015); SE Prop. Holdings, LLC v. 145, LLC, 2012 WL 6681784, *4-5 (S.D. Ala. Dec. 21, 2012).  See also Brown v. Lambert's Cafe III, 2016 WL 325131, *6 and note 4 (S.D. Ala. Jan. 27, 2016). "[W]ork that is clerical or secretarial in nature is not separately recoverable.' *Id.* (denying attorney's fees for such clerical and secretarial work as gathering materials and copying, mailing, and refiling them)." SE Prop., 2012 WL 6681784, *5.   While the Court can discern the two (2) non-lawyer law clerk entries as they have been named and identified by counsel (W.Thorne "WC" and C.Agboli "CA"), counsel has failed to identify which of the remaining nine (9) billers (K.McNeil, K.Dodd, C.Taylor, C.Fenton, D.Francis, A.Caballero, S.Fuller, D.Detgen and K.Flores) are non-lawyer paralegals versus non-lawyer "staff."[3]

Fourth, with regard to the time entries by non-lawyer and non-paralegal "staff," clerical or secretarial tasks (i.e., administrative work) are not recoverable, as those are overhead expenses. Missouri v. Jenkins, 491 U.S. 274, 288 at note 10 (1989) ("purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them[]"). Such non-recoverable tasks include time billed for: setup of a file, calendaring deadlines,

---

3  While counsel has listed nine (9) non-lawyers at Doc. 86 at 9, he has provided no further information.

receiving, reviewing, and indexing documents, sending or receiving emails with documents attached, preparing civil cover sheets and summons, receiving and indexing certified mail receipts, e-filing documents with the Court, receiving and indexing those documents, mailing and telefaxing correspondence, making calls to clients, obtaining pleadings from the court's database, printing documents, miscellaneous scanning of documents, etc. See, e.g., Cormier v. ACAC Inc., 2013 WL 6499703, *5 (S.D. Ala. Dec. 11, 2013); Whitney Bank v. Davis–Jeffries–Hunold, Inc., 2012 WL 5470131, *7 (S.D. Ala. Nov. 9, 2012); Andriello v. CFI Sales & Marketing, Inc., 2012 WL 3264920, *9 (M.D. Fla. Jan. 4, 2012); Miller v. Kenworth of Dothan, Inc., 117 F.Supp.2d 1247, 1261 (M.D. Ala. 2000).[4] The billing records include *numerous* entries for such tasks (*e.g.*, including but not limited to -- 8/11/16 "receive settlement agreement and W9 form signed from client: scan to file and save," 8/15/16 "re-scan settlement agreements into S drive for clients", "KD"'s "further preparation of documents for client correspondence", "CT"'s "conference with counsel regarding strategy on service affidavits," "DF"'s "compilation of correspondence and pleadings regarding all parties in lawsuit," "AC"'s "analysis of scheduling order/docket control order[]", "DD"'s "save supplemental report regarding settlement to S drive," "Operation of Spreadsheet…", etc. (Docs. 86-2; 86-10). The non-recoverability for clerical tasks may also be applicable to those entries labeled "Assistance with…." (Id.) Further, as presented, counsel's entries for non-lawyer staff could be viewed as non-recoverable

---

[4] See also Espino v. Commissioner of Social Security, 2015 WL 6705453, *2 (M.D. Fla. Nov. 2, 2015) (clerical tasks such as "Review Summons Issued," "Call to Clerk to confirm Summons were sent to Marshall for service," "Download/Combine and OCR Transcript, live bookmark," and "Download, file and save Corrected transcript in parts," are not compensable as attorney fees); Classic Harvest LLC v. Freshworks LLC, 2017 WL 393730, *2 (N.D. Ga. Jan. 30, 2017) (downloading, scanning or saving files or docket entries are not recoverable); Peress v. Wand, M.D., 597 F.Supp.2d 1320, 1325-1326 (S.D. Fla. 2008) (an attorney in an FLSA case should not be permitted to recover fees for clerical time for e-filing, on line research of addresses, preparing civil cover sheets and summonses and for reviewing the CM/ECF email for documents prepared and filed by counsel).

block billing. See, e.g., Longhini v. New Way Foods, Inc., 2016 WL 6806243, *3 (S.D. Fla. Nov. 16, 2016); Pronman v. Styles, 2016 WL 3661940, *4 (S.D. Fla. Mar. 15, 2016).[5]   While some entries in this category contain work that may be legal, with a number of them counsel has failed to separate legal from non-legal work.   Entries for administrative tasks (however listed) should be removed.   While Plaintiffs have "conceded" that "a 10% reduction of the time block billed is appropriate[]" they fail to identify those entries and/or acknowledge any entries that are a hybrid of legal and clerical tasks.   (Doc. 88 at 9).   For clarity and to avoid confusion, the better course is for Plaintiffs to review the billing records and submit a new motion for fees and costs that removes any such billing from its request.

**III.    FLSA Costs**

The FLSA mandates that in any action brought by an employee to enforce Section 206 or Section 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).   In a FLSA action, allowable costs are set forth in 28 U.S.C. § 1920. These costs include: 1) fees of the clerk and marshal; 2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; 3) fees and disbursements for printing and witnesses; 4) fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case; 5) docket fees under section 1923; and 6) compensation of court appointed experts, compensation of interpreters, and salaries, fees,

---

[5] "Block billing may occur where a single billing entry contains compensable legal tasks and non-compensable secretarial tasks. See Peress v. Wand, 597 F. Supp. 2d 1320, 1325 (S.D. Fla. 2008). Block billing may also occur where time spent on multiple non-secretarial tasks is inadequately described. See Williams v. R. W. Cannon, Inc., 657 F.Supp.2d 1302, 1310 n. 4 (S.D. Fla. 2009)." "The Court is not able to determine from these records what time was spent pursuing legal aims and what time was attributed to non-compensable clerical tasks. Therefore, such blended entries will not be awarded under the FLSA fee shifting provision." Nipper v. Lakeland Hotel Investors, Ltd., 2010 WL 4941718, *5 at note 4 (M.D. Fla. Nov. 30, 2010).

expenses and costs of special interpretation services under section 1828.

Plaintiffs seek recovery of **$1,160.69** in costs for filing fees, postage, court costs/expenses, legal research and Pacer usage. (Doc. 86-2 at 26). *Separately*, Plaintiffs' also filed a Bill of Costs in which they seek an **additional $733.90** ($400 for fees of the clerk and $333.90 for service of the summons/petition, including "rush" fees). (Docs. 89, 89-1, 89-2). As highlighted by Defendants (Doc. 87 at 19-20), Plaintiffs' costs request does not delineate the amounts incurred for the seven (7) plaintiffs versus the terminated and/or dismissed plaintiffs. Additionally, postage and computerized legal research are not compensable. See, e.g., Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996); Brown v. Lambert's Cafe III, 2016 WL 325131 (S.D. Ala. Jan. 27, 2016). See also Lee v. Krystal Co., 918 F.Supp.2d 1261, 1274-1275 (S.D. Ala. Jan. 15, 2013) (Westlaw charges found to be unreasonable and disallowed as a "thinly veiled attempt to make an expense of an item of law firm overhead"). Moreover, as to the service fees, "[f]ees of the clerk and marshal" may be taxed as costs (*i.e.*, the statute authorizes a court to tax private process server fees as costs where the rates do not exceed what it would cost to have the U.S. Marshal effectuate service). U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 623-624 (11th Cir. 2000). Private server fees in excess of that amount, "rush fees," and courier fees are not recoverable. See, e.g., Id.; F.D.I.C. v. Hoolihan, 2013 WL 6597052, *1 (M.D. Fla. Dec. 16, 2013); Blowbar, Inc. v. Blow Bar Salon, Inc., 2013 WL 6244531, *6 (M.D. Fla. Dec. 3, 2013). Further, "the PACER charge is not documented or explained in any meaningful way, and appears invalid given that litigants in this District Court get a 'free look' at all filings in their case, with no PACER charges." Lee, 918 F.Supp.2d at 1274. Finally, apart from the $400.00 filing fee (Doc. 89-1 at 1), counsel provided no invoices to support potentially

8

recoverable costs (*e.g.*, "court costs," "court expense," and/or copying costs[6]). And while Plaintiffs now appear to concede that certain costs are not recoverable by "amending" its request as follows: "Plaintiffs amend their request for costs of $733.90 consistent with the verified bill of costs, and § 1920 filed contemporaneously with this brief[]" this only creates more confusion. (Doc. 88 at 10).   For clarity, the better course is for Plaintiffs to review the costs and submit a new request for same, with documentary support.

**IV.   Conclusion**

Upon consideration, Plaintiffs' motion for fees and costs (Doc. 86) is **DENIED** at this time. Plaintiffs are **GRANTED LEAVE** to file, on or before **February 23, 2017,** a new motion for fees and costs that addresses and remedies the concerns set forth *supra* and provides the Court with only the *relevant* billing entries and *legally recoverable* fees and costs for the seven (7) Plaintiffs (Ford, Franklin, Knight, Law, Poellnitz, Reed and Williams).   Defendants shall file any Response on or before **March 2, 2017.**   The Court will take the motion under submission upon receipt of Defendants' Response.

**DONE** and **ORDERED** this the **9th** day of **February 2017.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[6] Per Section 1920, a court may tax "fees for exemplification and copies of papers necessarily obtained for use in the case." The burden is on the party seeking recovery of photocopying costs to "come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case…." Helms v. Wal–Mart Stores, Inc., 808 F.Supp. 1568, 1570 (N.D.Ga.1992) (internal citations omitted). "In evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." W&O, 213 F.3d at 623.