**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **THERESA FORD, *et al.*,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 14-00311-KD-C** |
| | ) | |
| **NAVIKA CAPITAL GROUP, LLC, *et al.*,** | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter is before the Court on Plaintiffs' motion and application for attorneys' fees (Doc. 93), Defendants' opposition (Doc. 95) and Plaintiffs' Bill of Costs (Doc. 94).

**I.     Background**

On July 8, 2014, 14 Plaintiffs initiated this FLSA collective again against Defendants. (Doc. 1).   On March 12, 2015, Stokes was terminated as a plaintiff.   (Doc. 24).   On May 12, 2015, White was terminated as a plaintiff.   (Docs. 35, 37).   On June 9, 2015, Wilkins was terminated as a plaintiff.   (Docs. 42, 43).   On June 10, 2015, Plaintiffs' counsel's request to withdraw from representing Carrier, Hannon and McGee in this case was granted.   (Docs. 32, 44).   On July 1, 2015, Carrier, Hannon and McGee were terminated as plaintiffs.   (Doc. 49). On March 22, 2016, Portis was terminated as a plaintiff.    Thus, as of March 23, 2016, seven (7) plaintiffs remained in this case – Ford, Franklin, Knight, Law, Poellnitz, Reed and Williams.

On August 19, 2016, these seven (7) plaintiffs moved the Court for approval of the settlement agreements.   (Docs. 80).   The motion was denied but with leave to refile.   (Doc. 81).   On November 17, 2016 these plaintiffs moved the Court for approval of the amended settlement agreements.   (Doc. 84).   On November 30, 2016, this Court granted the parties'

joint motion to approve the amended settlement agreement and release (Doc. 84), reserving the

issue of attorneys' fees and costs for another day.    (Doc. 85).    In so doing, the Court stated:

> … as this is an FLSA case, the Court had to determine whether the settlement is a "fair
> and reasonable resolution of a bona fide dispute" of the claims raised to approve the
> settlement. Lynn's Food Stores, Inc. v. United States of Am., 679 F.2d 1350, 1354-1355
> (11th Cir. 1982).    This includes an assessment of attorneys' fees and costs.    As such, in
> granting the parties' motion to approve the amended settlements, the Court considered
> the parties' representations that "Plaintiffs' counsel" will be filing an application for an
> additional, separate sum of reasonable attorneys' fees and costs, meaning that counsel's
> recovery is in no way related to those sums to be paid to Plaintiffs in compromise of their
> claims." (Doc. 84 at 8).    The parties stated that they disagreed on the amount to
> attorneys' fees to be assessed and so "agreed to let the Court determine" the amount, as
> set forth in the proposed settlement agreements at Paragraph 7.    (Id. at 10).    Paragraph
> 7(a) of the settlement agreements provides:

>> (a) NAVIKA has agreed to pay the reasonable attorneys' fees and costs incurred
>> by FORD, with such fees being determined by the Court.    The Parties agree that counsel
>> for FORD shall file a motion to determine the reasonable attorneys' fees incurred by
>> counsel for FORD herein in accordance with Local Rule 7.0. The Parties further agree that,
>> unless the Court orders otherwise, such motion shall be submitted on the papers and
>> payment for reasonable attorney's fees shall be made within thirty (30) days after the Court
>> determines and awards such.

> In granting on the motion to approve the settlement, the Court stated:

>> As set forth above, the motion is **GRANTED** and the settlement agreements are
>> **APPROVED**. The parties have agreed that the Court will calculate attorneys'
>> fees in this matter. Under the FLSA attorneys' fees are an integral part of
>> damages and thus judgment will not be entered until the attorneys' fee
>> determination is resolved. See Shelton v. Ervin, 830 F.2d 182, 184 (11th Cir.1987)
>> ("…[W]e hold that attorney fees are an integral part of the merits of FLSA cases
>> and part of the relief sought therein. Thus, a final determination as to the award of
>> attorney fees is required as part of the final appealable judgment.").

(Doc. 85).    The Court ordered briefing and counsel for Plaintiffs filed a motion and application

for attorneys' fees (Doc. 86), Defendants' responded (Doc. 87), Plaintiffs' replied (Doc. 88) and

counsel submitted a Bill of Costs (Doc. 89).

Specifically, Plaintiffs sought attorneys' fees and costs "to be paid by the Defendants."

(Doc. 86).    According to counsel, they recovered **$41,560.00** for the seven (7) Plaintiffs on their

FLSA claims against the Defendants. (Docs. 86 at 5, 86-1 (Decltn. Steele)). Plaintiffs' counsel sought recovery of an additional **$68,999.50** in attorneys' fees and **$1,160.69** in costs/expenses for **450.80 hours**[1] litigating this case on behalf of _all 14 of the original plaintiffs_ from July 4, 2014-December 21, 2016, as well as **$2,120.00** for preparing the fees motion:

> After excluding hours that have been eliminated through the exercise of billing judgment; reducing the hourly rates in accordance with the prevailing market rates in Mobile, Alabama; analyzing the decisions of this Court; Plaintiffs' counsel reduced the 536.10 hours expended prosecuting this matter to 450.8 for which counsel is seeking compensation. Plaintiffs' current lodestar is $68,999.50—which leads to an effective "blended" rate of $153.06 per hour. Plaintiffs seek costs and expenses in the amount of $1,160.69. Consequently, the question before this Court is whether the $68,999.50 lodestar amount of fees for Plaintiffs' counsel's work prosecuting this action and the $2,120.00 lodestar amount for preparing this application are reasonable.

(Doc. 86 at 2). Plaintiffs also separately filed Bill of Costs seeking an **_additional_ $733.90** ($400 for fees of the clerk and $333.90 for service of the summons/petition).[2] (Docs. 89, 89-1, 89-2). While Defendants agreed to pay _reasonable_ fees and costs per the terms of the settlement, they vigorously opposed the specific amount of fees and costs requested. (Doc. 88).

On February 9, 2017, this Court denied Plaintiffs' motion for attorneys' fees/costs and bill of costs, granting Plaintiffs leave to file a new motion, specifying, in part, as follows:

> …First, for FLSA fees recovery there must be an assertion that the fees were negotiated separately from Plaintiffs' settlements to avoid any taint in the agreements….Court is satisfied that this assertion has been made: "Plaintiffs' counsel will be filing an application for an additional, separate sum of reasonable attorneys' fees and costs, meaning that counsel's recovery is in no way related to those sums to be paid to Plaintiffs in compromise of their claims." (Doc. 84 at 8).
>
> Second, Defendants, via execution of the seven (7) settlements, agreed to pay Plaintiffs reasonable attorneys' fees and costs as determined by this Court _for those plaintiffs_. (Doc. 84-1 at 6 at ¶7(a)). Plaintiffs' recovery is thus limited to the fees and costs incurred for Ford, Franklin, Knight, Law, Poellnitz, Reed and Williams. Counsel's billing records do

---

1 Which counsel represented was a reduction from the 536.10 hours expended. (Doc. 86 at 2).

2 Which included "rush" fees totaling $260.00 and $9.90 for copying charges. (Doc. 89-2 at 1).

not sufficiently differentiate among plaintiffs, making it unclear as to which entries relate to the seven (7) plaintiffs versus the terminated/dismissed plaintiffs. Plaintiffs acknowledge that "some of the time was not identified and written off" in response, but contend that counsel's overall reduction of fees basically remedies such. (Doc. 88 at 4-6). While Plaintiffs have "conceded" some entries should be removed, the better course – for clarity and to avoid confusion – is for counsel to review the billing records and submit a new motion seeking only those fees and costs relating to the seven (7) plaintiffs.

Third, the billing records include time entries by 11 non-lawyers. (Doc. 86 at 9). Concerning non-lawyer paralegals and non-lawyer law clerks, a court may award fees for their work, but only to the extent they perform work "traditionally done by an attorney." Vanderbilt Mortg. And Fin., Inc. v. Crosby, 2015 WL 5178719, *2 (S.D. Ala. Sept. 54, 2015); SE Prop. Holdings, LLC v. 145, LLC, 2012 WL 6681784, *4-5 (S.D. Ala. Dec. 21, 2012). See also Brown v. Lambert's Cafe III, 2016 WL 325131, *6 and note 4 (S.D. Ala. Jan. 27, 2016). "[W]ork that is clerical or secretarial in nature is not separately recoverable.' Id. (denying attorney's fees for such clerical and secretarial work as gathering materials and copying, mailing, and refiling them)." SE Prop., 2012 WL 6681784, *5. While the Court can discern the two (2) non-lawyer law clerk entries as they have been named and identified by counsel (W.Thorne "WC" and C.Agboli "CA"), counsel has failed to identify which of the remaining nine (9) billers (K.McNeil, K.Dodd, C.Taylor, C.Fenton, D.Francis, A.Caballero, S.Fuller, D.Detgen and K.Flores) are non-lawyer paralegals versus non-lawyer "staff." [FN3]

[FN3] While counsel has listed nine (9) non-lawyers at Doc. 86 at 9, he has provided no further information.

Fourth, with regard to the time entries by non-lawyer and non-paralegal "staff," clerical or secretarial tasks (i.e., administrative work) are not recoverable, as those are overhead expenses. Missouri v. Jenkins, 491 U.S. 274, 288 at note 10 (1989) ("purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them[]"). Such non-recoverable tasks include time billed for: setup of a file, calendaring deadlines, receiving, reviewing, and indexing documents, sending or receiving emails with documents attached, preparing civil cover sheets and summons, receiving and indexing certified mail receipts, e-filing documents with the Court, receiving and indexing those documents, mailing and telefaxing correspondence, making calls to clients, obtaining pleadings from the court's database, printing documents, miscellaneous scanning of documents, etc. See, e.g., Cormier v. ACAC Inc., 2013 WL 6499703, *5 (S.D. Ala. Dec. 11, 2013); Whitney Bank v. Davis–Jeffries–Hunold, Inc., 2012 WL 5470131, *7 (S.D. Ala. Nov. 9, 2012); Andriello v. CFI Sales & Marketing, Inc., 2012 WL 3264920, *9 (M.D. Fla. Jan. 4, 2012); Miller v. Kenworth of Dothan, Inc., 117 F.Supp.2d 1247, 1261 (M.D. Ala. 2000). [FN4]…

[FN4] See also Espino v. Commissioner of Social Security, 2015 WL 6705453, *2 (M.D. Fla. Nov. 2, 2015) (clerical tasks such as "Review Summons Issued," "Call to Clerk to confirm

Summons were sent to Marshall for service," "Download/Combine and OCR Transcript, live bookmark," and "Download, file and save Corrected transcript in parts," are not compensable as attorney fees); <u>Classic Harvest LLC v. Freshworks LLC</u>, 2017 WL 393730, *2 (N.D. Ga. Jan. 30, 2017) (downloading, scanning or saving files or docket entries are not recoverable); <u>Peress v. Wand, M.D.</u>, 597 F.Supp.2d 1320, 1325-1326 (S.D. Fla. 2008) (an attorney in an FLSA case should not be permitted to recover fees for clerical time for e-filing, on line research of addresses, preparing civil cover sheets and summonses and for reviewing the CM/ECF email for documents prepared and filed by counsel).

…The billing records include *numerous* entries for such tasks (*e.g.*, including but not limited to -- 8/11/16 "receive settlement agreement and W9 form signed from client: scan to file and save," 8/15/16 "re-scan settlement agreements into S drive for clients", "KD"'s "further preparation of documents for client correspondence", "CT"'s "conference with counsel regarding strategy on service affidavits," "DF"'s "compilation of correspondence and pleadings regarding all parties in lawsuit," "AC"'s "analysis of scheduling order/docket control order[]", "DD"'s "save supplemental report regarding settlement to S drive," "Operation of Spreadsheet…", etc. (Docs. 86-2; 86-10). The non-recoverability for clerical tasks may also be applicable to those entries labeled "Assistance with…." (<u>Id</u>.) Further, as presented, counsel's entries for non-lawyer staff could be viewed as non-recoverable block billing. <u>See</u>, e.g., <u>Longhini v. New Way Foods, Inc.</u>, 2016 WL 6806243, *3 (S.D. Fla. Nov. 16, 2016); <u>Pronman v. Styles</u>, 2016 WL 3661940, *4 (S.D. Fla. Mar. 15, 2016). [FN5]….

[FN5] "Block billing may occur where a single billing entry contains compensable legal tasks and non-compensable secretarial tasks. *See Peress v. Wand*, 597 F. Supp. 2d 1320, 1325 (S.D. Fla. 2008). Block billing may also occur where time spent on multiple non-secretarial tasks is inadequately described. *See Williams v. R. W. Cannon, Inc.*, 657 F.Supp.2d 1302, 1310 n. 4 (S.D. Fla. 2009)." "The Court is not able to determine from these records what time was spent pursuing legal aims and what time was attributed to non-compensable clerical tasks. Therefore, such blended entries will not be awarded under the FLSA fee shifting provision." <u>Nipper v. Lakeland Hotel Investors, Ltd.</u>, 2010 WL 4941718, *5 at note 4 (M.D. Fla. Nov. 30, 2010).

….While some entries in this category contain work that may be legal, with a number of them counsel has failed to separate legal from non-legal work. Entries for administrative tasks (however listed) should be removed. While Plaintiffs have "conceded" that "a 10% reduction of the time block billed is appropriate[]" they fail to identify those entries and/or acknowledge any entries that are a hybrid of legal and clerical tasks. (Doc. 88 at 9). For clarity and to avoid confusion, the better course is for Plaintiffs to review the billing records and submit a new motion for fees and costs that removes any such billing from its request…..

…..The FLSA mandates that in any action brought by an employee to enforce Section 206 or Section 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).   In a FLSA action, allowable costs are set forth in 28 U.S.C. § 1920.   These costs include: 1) fees of the clerk and marshal; 2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

3) fees and disbursements for printing and witnesses; 4) fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case; 5) docket fees under section 1923; and 6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828.

… Plaintiffs' also filed a Bill of Costs in which they seek an **additional $733.90** ($400 for fees of the clerk and $333.90 for service of the summons/petition, including "rush" fees). (Docs. 89, 89-1, 89-2). As highlighted by Defendants (Doc. 87 at 19-20), Plaintiffs' costs request does not delineate the amounts incurred for the seven (7) plaintiffs versus the terminated and/or dismissed plaintiffs… Moreover, as to the service fees, "[f]ees of the clerk and marshal" may be taxed as costs (*i.e.*, the statute authorizes a court to tax private process server fees as costs where the rates do not exceed what it would cost to have the U.S. Marshal effectuate service). U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 623-624 (11th Cir. 2000). Private server fees in excess of that amount, "rush fees," and courier fees are not recoverable. See, e.g., Id.; F.D.I.C. v. Hoolihan, 2013 WL 6597052, *1 (M.D. Fla. Dec. 16, 2013); Blowbar, Inc. v. Blow Bar Salon, Inc., 2013 WL 6244531, *6 (M.D. Fla. Dec. 3, 2013)…..

…And while Plaintiffs now appear to concede that certain costs are not recoverable by "amending" its request as follows: "Plaintiffs amend their request for costs of $733.90 consistent with the verified bill of costs, and § 1920 filed contemporaneously with this brief[]" this only creates more confusion. (Doc. 88 at 10). For clarity, the better course is for Plaintiffs to review the costs and submit a new request for same, with documentary support.

(Doc. 90 at 3-9).

Due to the deficiencies in Plaintiffs' motion, leave was given to file a new motion for attorneys' fees and costs that would address and cure the concerns detailed and provided the Court with only the *relevant* billing entries and *legally recoverable* fees and costs for the seven (7) Plaintiffs (Ford, Franklin, Knight, Law, Poellnitz, Reed and Williams). (Id. at 9). The Court now turns to the new motion and Bill of Costs filed by Plaintiffs. (Doc. 93, 94).

## II.    Relevant Law

In FLSA actions, the Court relies on the lodestar method for determining the reasonableness of the fees sought. Padurjan v. Aventura Limousine & Transp. Serv., Inc., 441

Fed. Appx. 684 (11th Cir. 2011); Perez v. Carey Int'l, Inc., 373 Fed. Appx. 907 (11th Cir. 2010);

Norman v. Alorica, Inc., 2012 WL 5452196 (S.D. Ala. Nov. 7, 2012); Wolff v. Royal Am. Mgt.,

Inc., 2012 WL 5303665 (S.D. Ala. Oct. 25, 2012).   Under the lodestar method, the Court

multiplies the number of hours reasonably expended by a reasonable hourly rate for similar legal

services.   Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Resolution Trust Corp. v. Hallmark

Builders, Inc., 996 F.2d 1144, 1147, 1150 (11th Cir. 1993).   "Adjustments to that fee then may

be made as necessary in the particular case."   Blum v. Stenson, 465 U.S. 886, 888 (1984).

Redundant, excessive, or otherwise unnecessary hours should not be included in the calculation

of hours reasonably expended.   Hensley, 461 U.S. at 434.   Even when a party prevails, the

district court still must determine whether time was reasonably expended, and if it was not, that

time should be excluded from the fee calculation.   Id.   While the "lodestar" method effectively

replaced the balancing test in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719

(5th Cir. 1974), the 12 Johnson factors "might still be considered in terms of their influence on

the lodestar amount."   Norman v. Hous. Auth. of the City of Montg., 836 F.2d 1292 (11th Cir.

1988).   The factors are: 1) the time and labor required; 2) the novelty and difficulty of the

questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other

employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the

fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the

amount involved and the results obtained; 9) the experience, reputation, and ability of the

attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional

relationship with the client; 12) awards in similar cases. Johnson, 488 F.2d at 717-719.

Presently, Plaintiffs' counsel seeks **$61,087** in attorneys' fees for **384.3 hours**[3] litigating this case on behalf of seven (7) plaintiffs from July 4, 2014-December 21, 2016, as well as **$2,120** for preparing the new motion for attorneys' fees.[4]  (Doc. 93).  Plaintiffs also separately filed a Bill of Costs seeking an ***additional* $733.90** in costs. (Doc. 94).  In response to the Court's instructions, Plaintiffs assert that they have excluded purely administrative time, time relating to the dismissed plaintiffs, reduced hourly rates to match those in Mobile, etc.  (Doc. 93).  Defendants vigorously oppose the amount attorneys' fees and costs requested.  (Doc. 95).

### III.  Attorneys' Fees

### A.  Reasonable Rate

As the parties requesting fees, Plaintiffs bear the burden of supplying the Court with specific and detailed evidence from which the Court can determine the reasonable hourly rate for the work performed.  American Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999) (citing Norman, 836 F.2d at 1303).  The Eleventh Circuit has instructed that a reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  Norman, 836 F.2d at 1299.  In this case, the relevant legal community is Mobile, Alabama. Barnes, 168 F.3d at 437 (providing that "the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed[]'").  Additionally, the Court, which is familiar with the prevailing rates in the local market, may act as its own expert and rely on its "knowledge and experience" to determine the reasonableness and propriety of the

---

3 Which counsel represents is a reduction from the 536.10 hours actually expended.  (Doc. 93 at 2).

4 Plaintiffs have abandoned their request for non-taxable costs ($1,160.69 in costs for filing fees, postage, court costs/expenses, legal research and Pacer usage).

requested rates. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). Moreover, this Court's prior awards are relevant and instructive in determining whether the "requested rate is in line with prevailing market rates" in this district for attorneys of reasonably comparable skill, experience, and reputation to the attorney seeking an award of fees. Langford v. Hale Cty. Ala. Comm'n, 2016 WL 4976859, *3 (S.D. Ala. Sept. 16, 2016).

Plaintiffs' counsel seeks to recover the hourly rates of 15 individuals – attorneys and non-attorneys -- as follows:

| | INDIVIDUAL | EXPERIENCE | RATE |
|---|---|---|---|
| **SENIOR PARTNER** | Steele | 19 years | 300/hour |
| **SENIOR ASSOCIATE** | Patel | 6 years | 200/hour |
| **SENIOR ASSOCIATE** | Haynes | 6 years | 200/hour |
| **ASSOCIATES** | Segura | 1 ½ years | 150/hour |
| | Amos | 1 year | 150/hour |
| | Dodd | Unknown but appears to be a few months | 90/hour |
| | McNeil | Unknown but appears to be a few months | 90/hour |
| **STAFF/PARALEGALS**[5] | Taylor | unknown | 90/hour |
| | Fenton | unknown | |
| | Francis | unknown | |
| | Caballero | unknown | |
| | Fuller | unknown | |
| | Detgen | unknown | |
| **STUDENT LAW CLERKS (non-attorney when billed)** | Thorne | 0 years | 90/hour |
| | Agboli | 0 years | 90/hour |

(Doc. 93 at 9-10; Doc. 93-1 at 19-20 (Decltn. Steele)).

At the outset, Howard J. Steele, Jr. (Steele) has submitted a Declaration (Doc. 93-1 (Decltn. Steele) requesting his rate as $300/hour, adding that he has been practicing for 19 years.

---

5 Plaintiff lists the years of experience of these non-attorneys as "1-20" without further explanation (Doc. 93 at 9), thus, the number of years of experience for each is unknown.

In recent FLSA cases, the undersigned found $250/hour to be a reasonable hourly rate for an attorney with 19 years and with 28 years of experience, and $225/hour to be reasonable for 14 years of experience.    Criswell v. Mobile Housing Bd., Civil Action 14-00047-KD-N (S.D. Ala. Aug. 3, 2016) (Doc. 99).    See also e.g., Smith v. Cmty. Loans of Am., Inc., 2013 WL 372113, *7 (S.D. Ala. Jan. 30, 2013) (awarding $250/hour for an attorney with 15 years experience); McCants v. Fred's of Tenn., Inc., 2013 WL 172900, *4 (S.D. Ala. Jan. 16, 2013) (awarding $250/hour for an attorney with 11 years experience in employment litigation); Higdon v. Critter Control of the Gulf Coast, LLC, 2013 WL 673462, *5 (S.D. Ala. Feb. 25, 2013) (awarding $250/hour to counsel who had been practicing since 1989); Goldsby v. Renosol Seating, LLC, 2013 WL 6535253, *9 (S.D. Ala. Dec. 13, 2013) (finding $250-$300/hour reasonable "for more experienced and qualified attorneys[.]"); Oden v. Vilsack, 2013 WL 4046456, *6 (S.D. Ala. Aug. 9, 2013) (awarding $250/hour as a reasonable rate for attorneys with 15 years of experience); Decorative Components Incorporated, Inc. v. ICON Computing Solutions, Inc., 2012 WL 5398800, *5-6 (S.D. Ala. Nov. 2, 2012) (recognizing that $250-$350/hour was reasonable for "top Mobile lawyers in complex cases" and $250/hour "for an attorney with 15 years experience as a law firm partner[]").    The Court finds **$250/hour** to be reasonable.

Concerning six (6) year associates Patel and Haynes, the Court finds that the requested rate of **$200/hour** is reasonable. See, e.g., Cardinal Health 108, LLC v. Hemacare Plus, Inc., 2017 WL 114405, *14 (S.D. Ala. Jan. 11, 2017) (finding $200/hour a reasonable rate for an attorney with six (6) years of experience); Garrett Invest., LLC v. SE Prop. Holdings LLC, 956 F.Supp.2d 1330, 1341 (S.D. Ala. 2013) (awarding $190/hour to an associate with six (6) years of experience); Decorative Components, 2012 WL 5398800 at *5-6 (finding $200/hour was

reasonable for an attorney with seven (7) years experience); Gulf Coast Asphalt Co., L.L.C. v. Chevron U.S.A., Inc., 2011 WL 612737, 3-4 (S.D. Ala. Feb. 11, 2011) (same);

With regard to associates Segura and Amos (with 1-1.5 years of experience), the Court finds that the requested rate of **$150/hour** is reasonable. See, e.g., Denny Mfg. Co. v. Drops & Props, Inc., 2011 WL 2180358, *3-5 (S.D. Ala. June 1, 2011) (finding $150/hour to be a reasonable rate for second-year associate); Gulf Coast Asphalt, 2011 WL 612737, *4 (finding $145/hour to be a reasonable rate for second-year associate); Adams v. Austal, U.S.A., L.L.C., 2010 WL 2496396, *6 (S.D. Ala. June 16, 2010) (finding $150/hour to be a reasonable rate for third-year associate); Garrett, 956 F.Supp.2d at 1341 (finding reasonable $150/hour for an associate with one (1) to two (2) years of experience); Vision Bank v. FP Mgt., LLC, 2012 WL 222951, *3 (S.D. Ala. Jan. 25, 2012) (finding $150 per hour a reasonable rate for an associate attorney with an indeterminate amount of experience).

Concerning Dodd and McNeil, for which Plaintiffs request $90/hour, they are identified as "law clerks that worked on this case after they had graduated and obtained J.D. degrees[.]" (Doc. 93-1 at 20 (Decltn. Steele at ¶96)). The Court finds that the requested rate of **$90/hour** is reasonable (as they appear to have been employed for only a few months). Clark v. Northview Health Servs., LLC, 2013 WL 3930095, *2-3 (S.D. Ala. Jul. 30, 2015) (finding $100/hour as reasonable for new attorneys in the midst of the first year of practice).

As for the six (6) paralegals (Taylor, Fenton, Francis, Caballero, Fuller and Detgen), for which Plaintiffs request $90/hour, this Court finds **$75/hour** to be reasonable. PNC Bank v. Classic Crab, Inc., 2016 WL 4257360, *5 (S.D. Ala. Aug. 11, 2016) (listing cases); Denny Mfg., 2011 WL 2180358, *5; Zuffa, LLC v. Al-Shaikh, 2011 WL 1539878, *9 (S.D. Ala. Apr. 21,

2011); <u>Wells Fargo Bank, N.A. v. Williamson</u>, 2011 WL 382799, *5 (S.D. Ala. Feb. 3, 2011).

With regard to the non-attorney student law clerks, Plaintiffs seek $90/hour for the time billed by clerks Thorne and Agboli. This Court finds **$75/hour** to be reasonable. <u>Vanderbilt Mortg. And Fin., Inc. v. Crosby</u>, 2015 WL 5178719, *2 (S.D. Ala. Sept. 4, 2015); <u>SE Prop. Holdings, LLC v. Sandy Creek II, LLC</u>, 2014 WL 47330, *9 (S.D. Ala. Jan. 7, 2014); <u>SE Prop. Holdings, LLC v. 145, LLC</u>, 2012 WL 6681784,*4 (S.D. Ala. Dec. 21, 2012).

In sum, Plaintiffs' requested rates are **GRANTED in part** and **DENIED in part** such that the following hourly rates are reasonable and awardable in this case: **Steele $250/hour; Patel/Haynes $200/hour, Seguara/Amos $150/hour, Dodd/McNeil $90/hour,** the **six (6) paralegals $75/hour,** and the **two (2) non-attorney law clerks $75/hour.**

## B.     Reasonable Hours

In response to the Court's prior order denying Plaintiffs' original motion for fees based on a number of deficiencies, Plaintiffs now assert that the billing records have been edited to remove work concerning the dismissed plaintiffs, strictly clerical time, duplication, inefficiency, unnecessary work, administrative time and time billed for unsuccessful claims. From this, Plaintiffs assert that they only seek recovery for **384.3 hours** of work though 536.1 was billed (Doc. 93 at 7-8, 10; Doc. 93-1 (Decltn Steele)), as follows:

|  | INDIVIDUAL | HOURS SUBMITTED |
|---|---|---|
| **SENIOR PARTNER** | Steele | 4.2 |
| **SENIOR ASSOCIATE** | Patel | 127.7 |
| **SENIOR ASSOCIATE** | Haynes | 0.6 |
| **ASSOCIATE** | Segura | 172.2 |
| **ASSOCIATE** | Amos | 15.8 |
| **STUDENT LAW CLERKS** | Thorne | 1.9 |
|  | Agboli | 14.6 |
| **"J.D. Holder/Law Clerks"** | McNeil | 1.4 |

|  | Dodd | 3 |
|---|---|---|
| **PARALEGALS** | Taylor | 3.2 |
|  | Fenton | .2 |
|  | Francis | 37.8 |
|  | Caballero | 1.2 |
|  | Fuller | 2.1 |
|  | Detgen | .9 |

In opposition, Defendants contend that the hours billed remain excessive, particularly as the "only substantive work performed by Plaintiffs" counsel was for "one line [Court ordered] interrogatory responses." (Doc. 95 at 10-13). Defendants add: "[t]his case did not make it past the pleading stage to the discovery, dispositive motion, or trial stage, yet half of the Plaintiffs were dismissed, some due to the failure to timely file the case by counsel, other plaintiffs for other reasons." (Id. at 10). Defendants argue that Plaintiffs' actions necessitated excessive accrual of unnecessary fees (e.g., filing improper claims, failing to timely serve the complaint, etc.). (Id. at 10-13). Defendants further assert that Plaintiffs have not cured the deficiencies previously highlighted by the Court and that they still seek to recover for improperly billed time: 45.40 hours for purely administrative tasks, 26.10 hours for time spent working on an unnecessary motion for summary judgment, 16.4 hours for the premature creation of a "summary" for use in a summary judgment or at trial, 75.3 hours of block billing, for vague entries, etc. (Id. at 13-31). See also Doc. 95-2 (Decltn. Sheppeard)).

In determining whether the number of hours expended are reasonable, the Court should not include any hours which are "excessive, redundant, or otherwise unnecessary." Norman, 836 F.2d at 1301. When awarding a fee, the "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." Barnes, 168 F.3d at 428. The

Court will not permit a party to recover fees for hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." Norman, 836 F.2d at 1301 (emphasis omitted).

While there is no *per se* rule of proportionality, City of Riverside v. Rivera, 477 U.S. 561, 573-574 (1986), the Supreme Court has made clear that such could still be considered a factor in determining the reasonableness of a fee request. "The amount of damages a plaintiff recovers is certainly relevant to the amount of attorney's fees to be awarded .... It is, however, only one of many factors that a court should consider in calculating an award of attorney's fees." Id. at 573 See also Wolff, 2012 WL 5303665, *4-5. "[I]n light of the disparity between what [P]laintiff claimed and what her attorneys now seek for obtaining the recovery, there is potential for the fee award to become a windfall for [P]laintiff's counsel. FLSA suits are not meant to become a cottage industry divorced from the benefits they provide, and the fees should not shade over from fair play into a punitive measure against defendants who challenge a plaintiff's overtime claim in good faith. The court considers these factors in determining the reduction to be applied to the fees requested in this action." Wolff, 2012 WL 5303665, *5. See also, e.g., Goss v. Killian Oaks House of Learning, 248 F.Supp.2d 1162, 1168 (S.D. Fla. 2003) (denying fees as counsel "seem[ed] to have leveraged a small sum as a stepping-stone to a disproportionately large award" by seeking almost $16,000 for a $315.89 FLSA claim).

Moreover, when a request for attorney's fees is unreasonably high, the court may "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." Bivins v. Wrap it Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008). See also e.g., Padurjan, 441 Fed. Appx. at 687 (finding that the district court did not err when it reduced the

14

hours expended by 50% across the board); <u>Garrett</u>, 956 F.Supp.2d at 1343-1344 (applying an across the board cut of 10% for excessive fees); <u>SE Property Holdings, LLC v. Green</u>, 2013 WL 790902, *6 (S.D. Ala. Mar. 1, 2013) (applying an across the board reduction of 15% for clerical tasks performed by attorneys or paralegals, excessive billing for intra-office conferences among five timekeepers on small matters, premature preparation of litigation documents that were not filed, and billings for monthly status reports); <u>Barnes</u>, 168 F.3d at 428 ("If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary[]"); <u>Whitney Bank v. Davis-Jeffries-Hunold, Inc.</u>, 2012 WL 5470131, *7 (S.D. Ala. Nov. 9, 2012) (applying a 50% across the board cut); <u>Alorica,</u> 2012 WL 5452196, *7 (exacting a 50% across the board cut to the hours billed in an FLSA settlement case); <u>Western Sur. Co. v. Bradford Elec. Co., Inc.</u>, 483 F.Supp.2d 1114, 1121 (N.D. Ala. 2007) (noting that hours spent on clerical work is not recoverable and time billed must not be excessive, redundant or otherwise unnecessary and allowing for reductions in time for various activities, including reductions of 1/3 of the time billed); <u>United States v. Adkinson</u>, 256 F.Supp.2d 1297, 1316 (S.D. Fla. 2003) (reducing the amount of hours billed by 20% due to their excessive nature).

Likewise, where the rates or hours claimed seem excessive or lack the appropriate documentation, a court may calculate the award based on its own experience, knowledge, and observations. <u>Hensley</u>, 461 U.S. at 433-434. <u>See</u> <u>also</u> <u>e.g.</u>, <u>Norman</u>, 836 F.2d at 1299, 1303 ("[t]he court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonableness and proper fees and may form an independent judgment with or without the aid of witnesses[]") (citations omitted); <u>Villano v. City</u>

of Boynton Beach, 254 F.3d 1302, 1311 (11th Cir. 2001) (holding that a magistrate judge's across the board reduction in fees of 25%, due to insufficient documentation, was proper); Barnes, 168 F.3d at 428 (cutting fee award due to insufficient documentation but finding fees appropriate); Jean v. Nelson, 863 F.2d 759, 772-777 (11th Cir. 1988) (discussing the reasonableness of the hours expended in light of the contention that the fee requests were not supported by sufficient documentation and involved duplication of efforts).

Further, the lodestar figure established may be adjusted by consideration of various factors including the following:

> (1) the nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances.

Van Schaack v. AmSouth Bank, N.A., 530 So.2d 740, 749 (Ala. 1988).

Upon consideration of the foregoing, and even with the reduced rates *supra*, the Court finds that an across the board cut to the hours requested is appropriate in this action. Given the significant dispute surrounding the hours billed (highlighting some billing oddities and deficiencies by Plaintiffs' counsel) and the amount of fees sought in relation to Plaintiffs' recovery, the Court finds that an across-the-board cut is proper under the circumstances of this case. For example, Defendants detail over 160 hours of billed time which they assert is improper. The Court has reviewed the case history, the contentions of the parties (including their respective Declarations) and the billing records submitted by Plaintiffs and upon consideration, finds that the deficiencies noted in the Court's prior order have not been entirely

cured and that the hours billed are excessive (in part).   As such, upon consideration, the Court –
rather than use its time and resources to conduct a line by line or "hour-by-hour" assessment of
each and every time entry – exacts a **30%** across the board cut to the hours submitted by each
biller, resulting in **270.76 total hours** as follows:

| | INDIVIDUAL | HOURS SUBMITTED | HOURS AWARDED |
|---|---|---|---|
| **SENIOR PARTNER** | Steele | 4.2 | 2.94 |
| **SENIOR ASSOCIATE** | Patel | 127.7 | 89.39 |
| **SENIOR ASSOCIATE** | Haynes | .6 | .42 |
| **ASSOCIATES** | Segura | 172.2 | 120.54 |
| | Amos | 15.8 | 11.06 |
| | Dodd | 3 | 2.1 |
| | McNeil | 1.4 | .98 |
| **STAFF/PARALEGALS**[6] | Taylor | 3.2 | 2.24 |
| | Fenton | .2 | .14 |
| | Francis | 37.8 | 26.46 |
| | Caballero | 1.2 | .84 |
| | Fuller | 2.1 | 1.47 |
| | Detgen | .9 | .63 |
| **STUDENT LAW CLERKS** | Thorne | 1.9 | 1.33 |
| | Agboli | 14.6 | 10.22 |

## C.    The Lodestar

"For decades the law in this circuit has been that '[t]he court, either trial or appellate, is
itself an expert on the question and may consider its own knowledge and experience concerning
reasonable and proper fees and may form an independent judgment either with or without the aid
of witnesses as to value.'"   Norman, 836 F.2d at 1303.   Accordingly, "where the time or fees
claimed seem expanded or there is a lack of documentation or testimonial support the [appellate]

---

6  Plaintiff lists the years of experience of these non-attorneys as "1-20" without further explanation (Doc.
93 at 9), thus, the number of years of experience for each is unknown.

court may make the award on its own experience." Id.

Plaintiffs seek **$61,087** in attorneys' fees for **384.3 hours**[7] litigating this case on behalf of seven (7) plaintiffs from July 4, 2014-December 21, 2016. (Doc. 93). As explained *supra*, the Court has awarded different rates and reduced hours in its discretion as follows:

|  | INDIVIDUAL | EXPERIENCE | HOURS | RATE | AWARD |
|---|---|---|---|---|---|
| **SENIOR PARTNER** | Steele | 19 years | 2.94 | 250/hour | $735 |
| **SENIOR ASSOCIATE** | Patel | 6 years | 89.39 | 200/hour | $17,878 |
| **SENIOR ASSOCIATE** | Haynes | 6 years | .42 | 200/hour | $84.00 |
| **ASSOCIATES** | Segura | 1 ½ years | 120.54 | 150/hour | $18,081 |
|  | Amos | 1 year | 11.06 | 150/hour | $1,659 |
|  | Dodd | Unknown but appears to be a few months | 2.1 | 90/hour | $189 |
|  | McNeil | Unknown but appears to be a few months | .98 | 90/hour | $88.20 |
| **STAFF/PARALEGALS** | Taylor | unknown | 2.24 | 75/hour | $168.00 |
|  | Fenton | unknown | .14 |  | $10.50 |
|  | Francis | unknown | 26.46 |  | $1,984.50 |
|  | Caballero | unknown | .84 |  | $63.00 |
|  | Fuller | unknown | 1.47 |  | $110.25 |
|  | Detgen | unknown | .63 |  | $47.25 |
| **STUDENT LAW CLERKS** | Thorne | 0 years | 1.33 | 75/hour | $99.75 |
|  | Agboli | 0 years | 10.22 |  | $766.50 |
|  |  |  |  |  | **$41,963.95** |

After review of the materials submitted and Defendants' opposition, the Court concludes that amount of attorneys' fees is still excessive such that an adjustment to the lodestar amount of **$41,963.95** is appropriate to ensure that *reasonable* fees are awarded in this case. The deficiencies delineated in the Court's prior order have not been cured in full, including but not limited to vague time entries, block billing/inadequate description billing, continued inclusion of

---

7 Which counsel represents is a reduction from the 536.10 hours expended. (Doc. 93 at 2).

entries for administrative tasks, etc.    Additionally, the results obtained in this case, given the limited litigation and pleading which occurred, do not sufficiently justify the amount of attorneys' fees requested.    Likewise, the Court is not persuaded that the time billed for preparing a (very early) summary judgment motion (and related "summary") that was never filed is recoverable *in toto*.    Neither is the Court persuaded that the approximately 11 hours billed for preparation of Plaintiffs' response to the second motion to dismiss – which counsel admits raised basically the same issues as the response to the first motion to dismiss (for which they had already billed about 40 hours of time) – is entirely recoverable.

As such, the Court, in exercising its discretion in this FLSA case, reduces the fees sought by Plaintiffs' counsel by **20%.**    See, e.g., Galdames v. N&D Inv. Corp., 432 Fed. Appx. 801, 807 (11ᵗʰ Cir. 2011) (adopting the Magistrate Judge's 20% across the board reduction to the hours requested in an FLSA case); Willoughby v. Youth Villages, Inc., 2016 WL 7013537, *6 (N.D. Ga. Nov. 30, 2016) (applying a 25% across the board reduction to fees in an FLSA case awarding $204,650.16 instead of the requested $272,866.87); Asbun v. Resende, 2016 WL 7635459, *9 (S.D. Fla. Sept. 26, 2016) (applying a 50% across the board reduction to fees in an FLSA case awarding $16,395 instead of the requested $29,355); Woods v. On Baldwin Pond, LLC, 2016 WL 7325546, *9 (M.D. Fla. Apr. 29, 2016) (applying a 90% across the board reduction to fees in an FLSA case awarding $3,273 instead of the requested $48,028.75); Brown v. Lambert's Café III, 2016 WL 325131, *5-8 (S.D. Ala. Jan. 27, 2016) (applying an across the board reduction of 30% to one attorneys' fees in an FLSA case awarding $14,410.20 to "bring his request into the realm of reasonableness" instead of the requested $24,528); Grigoli v. Scott Cochrane, Inc., 2015 WL 4529032, *7-8 (M.D. Fla. Jul. 27, 2015) (applying an across the board

reduction of 30% for block billing in an FLSA case awarding $11,466.70 instead of the requested $17,516); Meidling v. Walgreen Co., 2015 WL 12838340, *10-11 (M.D. Fla. Jun. 19, 2015) (applying an across the board reduction of 60% to the hours requested in an FLSA case awarding 6.6 hours instead of the requested $55.8 hours); Maciejczyk v. You Fit, Inc., 2014 WL 585067 (M.D. Fla. Feb. 12, 2014) (applying an across the board reduction of 50% to the hours requested in an FLSA case as well as a 30% reduction to the lodestar); Vincenti v. Bakers Specialties, LLC, 2013 WL 6511648, *3 (M.D. Fla. Dec. 12, 2013) (applying an across the board reduction of 30% to the fees requested in an FLSA case awarding $1,386 instead of the requested $1,980); Lee v. Krystal Co., 918 F. Supp.2d 1261, 1271-1274 (S.D. Ala. 2013) (applying an across the board reduction of 20% to the hours requested in an FLSA case awarding $22,577.50 "because it [the requested sum] includes excessive incremental billing for ephemeral activities, unnecessary billings for intraoffice communications, billings for a prematurely prepared summary judgment brief, billings for tasks that are properly deemed clerical or paralegal work, and unnecessary billings for multiple-attorney redundancies[]"); Alorica, 2012 WL 5452196 at *7 (applying an across the board reduction of 50% to the billed hours in an FLSA case awarding $14,420 in fees instead of the requested $29,574.90); Wolff, 2012 WL 5303665, *8 (applying an across the board reduction of 60% to the fees requested in an FLSA case awarding $60,180 instead of the requested fees in excess of $150,000).   See also *supra* Section III.B. Accordingly, the Court finds **$33,571.16** to be a fair and reasonable settlement of attorneys' fees in this action.

## IV.   Fees for Fees

The portion of Plaintiffs' *original* motion seeking recovery of **$2,120** in attorneys' fees incurred for preparing the *original* motion for attorneys' fees (fees for fees) was denied as the

entire motion was denied. While perhaps not intended, Plaintiffs contend that attorney Patel incurred the *very same number of hours* and the *very same attorneys' fees*, **$2,120 (**for **10.6 hours)**[8] for preparation of the *current* motion: "preparing *this* application." (Doc. 93 at 2, 13-14 (emphasis added); Doc. 93-10 at 3-5). Regardless, to the extent Plaintiffs endeavor to recover the costs of preparing the original motion via the current motion (which they appear to have essentially cut and pasted), fees incurred to recover fees constitutes compensable time if/when *reasonably* expended. Thompson v. Pharmacy Corp. of Am., Inc., 334 F.3d 1242, 1245 (11th Cir. 2003). However, "[l]awyers should not be compensated for turning the litigation about attorneys' fees into a second major litigation[]"). Id.

Upon consideration, Patel's 10.6 hours worked on a single day (12/20/16) at the requested rate of $200/hour is reasonable, particularly given that the actual time incurred was 54 hours from July 14, 2016-October 23, 2016.[9] Defendants urge the Court to *further* reduce the amount "to account for the excessive amount of time spent in preparation" of the motion, citing six (6) "spin off cases" in which counsel "submitted several similar fee applications" "with almost identical law and factual background, which should have saved time in preparation of a formulaic application." (Doc. 95 at 25-26). The undersigned has reviewed the "spin off cases" and cannot agree with Defendants' characterization of the time billed to prepare the fee motion. In sum, the 10.6 hours requested for Patel's time are reasonable such that the request is **GRANTED** and counsel is awarded **$2,120.**

V.     Costs/Expenses & Bill of Costs

---

8 Which counsel indicates is a reduction from the 54 hours actually billed. (Doc. 93-10 at 5).

9 Counsel reduced the time submitted through exercising billing judgment. This Court *would have found* the 54 hours excessive, if submitted, for a "fees for fees" application.

Plaintiffs no longer seek costs/expenses separate and apart from the taxable Bill of Costs, only submitting a new Bill of Costs requesting **$733.90** ($400 for filing fees and $333.90 for service of the summons/subpoena). (Doc. 94). Rule 54(d)(1) provides that "costs -- other than attorney's fees -- should be allowed to the prevailing party." See also generally W&O, 213 F.3d 600, 621 (11th Cir. 2000). If there is no statutory or contractual authorization, courts are bound by the limitations set out in 28 U.S.C. § 1920. Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc., 249 F.3d 1293, 1296 (11th Cir. 2001). See also Crawford Fitting Co. v. J.T. Gibbins, Inc., 482 U.S. 437, 445 (1987). Specifically, Section 1920 states that a judge or clerk of any court of the United States may tax as costs:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

While Plaintiffs are not prevailing parties, the terms of the settlement provide that the parties have agreed that Defendants shall pay the "reasonable…costs incurred by" each plaintiff, "with such fees being determined by the Court[]" (e.g., Doc. 84-1 at 6 at ¶7(a) (one of the settlement agreements)). The docket indicates that the $400 fee is the standard filing fee for initiating this litigation in this Court (Receipt #1128-1605159), such that the undersigned finds it is reasonable and recoverable. (Doc. 1). See 28 U.S.C. § 1920(1) ("A judge or clerk ... may tax as costs ... [f]ees of the clerk[]"); Pelc v. Nowak, 596 Fed. Appx. 768,771 (11th Cir. Jan. 2,

2015).   As for the $333.90 in process serving costs, such recoverable costs are limited to those

fees authorized by 28 U.S.C. § 1921 regardless of who effects service.   W&O, 213 F.3d at 624.

"The statutorily authorized fee for § 1921 is set forth in 28 C.F.R. § 0.114." Indeed, private

server costs *in excess of the rates for the U.S. Marshal to effect service,* "rush fees" and/or

courier fees are not recoverable.   W&O, 213 F.3d at 623-624; F.D.I.C. v. Hoolihan, 2013 WL

6597052, *1 (M.D. Fla. Dec. 16, 2013) (courier services disallowed); Blowbar, Inc. v. Blow Bar

Salon, Inc., 2013 WL 6244531, *6 (M.D. Fla. Dec. 3, 2013) (disallowing private process server

fees and rush fees).   Plaintiffs have failed to provide any description of, or documentation in

support for, the process server costs.   As such, Plaintiffs' request for the filing fee is

**GRANTED** and Plaintiff's request for the process server costs is **DENIED.**   See e.g., Boyer v.

Flagship Auto. Ctr., LLC, 2013 WL 2467778, *7 (M.D. Fla. Jun. 7, 2013) (Report &

Recommendation)( ("Plaintiff failed to attach any documents to the Bill of Costs. The only cost

the Court can verify without additional documentation is the filing fee. Therefore…the Court

will tax the filing fee of $350.00 as costs, and not tax any of the other listed costs[]").

**VI.    Approval of the Settlement Agreements**

Upon consideration of the foregoing and review of the terms of the settlement

agreements, the Court **APPROVES** same as a fair and reasonable resolution of Plaintiffs' FLSA

claims. Lynn's Food, 679 F.2d 1350.

**VII.   Conclusion**

Accordingly, it is **ORDERED** that:

1) per Doc. 85, the settlement agreements (Docs. 84-1 through 84-7) are **APPROVED**;

2) Plaintiffs' motion for fees (Doc. 93) and Bill of Costs (Doc. 94) are **GRANTED in part** and **DENIED in part** as specified *supra* such that Plaintiffs are awarded attorneys'

23

fees in the amount of **$33,571.16** for the main litigation, attorneys' fees in the amount of **$2,120** for preparation of the fees motion, and costs in the amount of **$400**; and

3) this action is **DISMISSED with prejudice**.

Final Judgment shall issue by separate document.

      **DONE** and **ORDERED** this the **17th** day of **April 2017.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**